No. 84-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

FREDERICK CONWAY,

        Claimant and Respondent,

  -vs-

BLACKFEET INDIAN DEVELOPERS, INC.,

        Employer,

  and

MISSOULA SERVICE COMPANY,

        Defendant and Appellant.

_____

APPEAL FROM: The Workers' Compensation Court, the Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; K. Dale
        Schwanke argued, Great Falls, Montana

    For Respondent:

        Donald Marble argued, Chester, Montana
        Norman Grosfield, co-counsel, Helena, Montana

_____

Submitted: April 17, 1985

Decided: July 11, 1985

Filed: JUL 11 1985

*Ethel M. Harrison*

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant, Missoula Service Company, appeals from two orders of the Workers' Compensation Court awarding attorneys' fees and costs. The first order, entered after an evidentiary hearing, awarded claimant's attorneys $44,533.78 in fees on a forty percent contingency fee agreement applied to the discounted value of periodic disability benefits due the claimant, together with costs of $1,641. The second order awarded claimant's attorneys $941 in costs for pursuing the attorneys' fees issue.

Claimant was injured in an industrial accident on July 30, 1976. He suffered trauma to his right arm, shoulder and neck. By December, 1976, he could no longer work and in early 1977 he was diagnosed as having multiple sclerosis. He filed for benefits with the insurer and was denied. He then filed a petition with the Workers' Compensation Court, and the court held the claimant was entitled to permanent total disability benefits. The insurer appealed to this Court, and in Conway v. Blackfeet Indian Developers, Inc. (Mont. 1983), 669 P.2d 225, 40 St.Rep. 1427, we affirmed.

After this Court's decision in the previous appeal, the only remaining issue was the amount of attorneys' fees and costs to be awarded the claimant, and the manner of their payment. On remand of the case to the Workers' Compensation Court, claimant filed a motion for an order determining attorneys' fees. The insurer responded to the motion by asking for an evidentiary hearing. Over claimant's objection, a hearing was held. At the hearing, claimant's attorneys presented the testimony of two expert witnesses, Bruce Finnie, an economist and Tom Keegan, an attorney. One

2

of the claimant's attorneys also testified. The insurer's attorney testified and, subsequent to the hearing, the insurer submitted the deposition testimony of Bob James, a Great Falls attorney.

The primary issue before the Workers' Compensation Court was the method of calculation and payment of attorneys' fees in Workers' Compensation cases where the claimant has a contingent fee arrangement with his attorney, and is to receive benefits in periodic payments. Claimant requested fees of approximately $45,000. This request, supported by the experts' testimony, was reached by taking claimant's life expectancy times his weekly rate, yielding a sum of $195,948, and discounting this at six percent to reach a present value of $76,268. Past benefits total $35,066. Claimant's total entitlement is $111,334. The contingency fee arrangement provides for fees of forty percent of net recovery if successfully litigated through the Supreme Court. Forty percent of $111,334 is $44,533.78. The Workers' Compensation Court awarded this amount to the claimant, plus $1,641 in costs. Subsequently, the Workers' Compensation Court awarded claimant $941 for costs in the attorneys' fees action.

Appellant-defendant raises the following issues on appeal:

(1) Whether the Workers' Compensation Court erred in ruling that attorneys' fees should be payable in a lump sum.

(2) Whether there was substantial evidence to support the Workers' Compensation Court's determination of fees?

(3) Whether the Workers' Compensation Court erred in awarding claimant's costs for the attorneys' fees proceeding?

Claimant-respondent, pursuant to Rule 14, M.R.App.Civ.P., raises the following issues:

3

(1) Whether the present value discount of claimant's net award should be included in the calculation of attorneys' fees.?

(2) Whether the Court should award claimant damages and impose a penalty on defendant pursuant to Rule 32, M.R.App.Civ.P.?

This Court in Wight v. Hughes Livestock Co. (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696, approved contingent fee agreements in Workers' Compensation cases. Wight did not, however, say how such arrangements were to be implemented. Section 39-71-611, MCA is the statute that provides for attorneys' fees in Workers' Compensation actions. It states in part that, "the insurer shall pay reasonable costs and attorneys' fees as established by the workers' compensation judge."

Appellant contends that the above statute provides no guidance as to how attorneys' fees are to be awarded in workers' compensation actions and that, in the absence of express legislative intent, the Workers' Compensation Court does not have the authority to award attorneys' fees in a lump sum when the claimant is receiving periodic disability payments.

We do not find appellant's argument to be persuasive. The Workers' Compensation Court's order simply effectuated the parties intent and met the criteria set out in Wight, supra. Secondly, section 39-71-611, MCA gives the lower court the discretionary authority to determine "reasonable fees." Reasonable is a term that can easily be interpreted, and we do so here, to comprehend both the amount, and the kind of fee--lump sum or periodic. A case appellant relies upon points out this distinction. In U.S.F. & G. v. Potter,

(Ark. 1978), 567 S.W.2d 104, the Arkansas Supreme Court held that that state's statute did not contain implied authority for the workers' compensation division to award attorney's fees on a lump sum basis. The pertinent statute, Ark.Stat.Ann. §81-1332, provides that:

> "In determining the amount of fees, the Commission shall take into consideration the nature, length and complexity of the services performed, and the benefits resulting therefrom to the compensation beneficiaries." (Emphasis added.)

Montana's statutory language is broader. It does not refer to the "amount" of fees, but rather that the court shall set a "reasonable" fee. As stated above, this includes the power to set the kind of fee that shall be paid claimant's attorneys. On this point we affirm the Workers' Compensation Court.

Next, appellant contends that the Workers' Compensation Court did not have substantial credible evidence for its ruling. It argues that the court relied on evidence introduced at trial without a proper foundation, and therefore the order has no evidence to support it. Specifically, appellant contends that claimant's experts relied on an inaccurate mortality table in calculating the present value of the award.

At the hearing, claimant's attorneys introduced and qualified Bruce Finnie as an expert economist. On voir dire of Finnie, insurer elicited testimony that his calculations were based on a standard mortality table that did not specifically account for claimant's American Indian genealogy, on-reservation status, and multiple sclerosis. Asked if these circumstances would substantially effect claimant's life expectancy, Finnie replied "yes." At that

5

point defendant objected to the admission of Finnie's computation because its "underlying basis" was "significantly off." The court noted insurers' objection, but admitted the evidence "for what it is worth."

In its order, the Workers' Compensation Court noted:

> "The defendant objects to the claimant's calculated life expectancy, asserting that the claimant's physical condition and American Indian genealogy have not been accounted for. While these assertions may have merit, there was no evidence submitted either to support the contentions or to rebut Mr. Finny's [sic] calculations. Therefore, the life expectancy, as presented by the claimant's expert, shall be accepted."

Insurer insists that this evidence was lacking a proper foundation, and that the court erred in relying thereupon, citing 32 C.J.S. Evidence §583, and Jones, The Law of Evidence, (6th Ed.) §4.59. While we note that strictly as a matter of evidence law, insurer's argument has merit, it fails to account for section 39-71-2903, MCA, which specifically provides that " . . . the workers' compensation judge is not bound by common law and statutory rules of evidence." In the past, responding to similar arguments, we have upheld the admission of hearsay evidence, Stevens v. Glacier Gen. Assur. Co. (1978), 176 Mont. 61, 65, 575 P.2d 1326, 1329, and "appraiser's conclusions . . . based upon only a cursory investigation" Krause v. Sears Roebuck & Co. (1981), 197 Mont. 102, 105, 641 P.2d 458, 460, before the Workers' Compensation Court. Although we specifically noted in Krause, supra, that "the court did not place any undue reliance on the appraiser's testimony." 197 Mont. at 106, 641 P.2d at 460, which is not the case here; we find another factor that weighs against appellant. As noted by the Workers' Compensation Court, the insurer "submitted [no

6

evidence] either to support the contentions or to rebut Mr. Finny's [sic] calculations." Though the claimant has the burden of making a prima facie case, if he does so, and if the defendant raises an issue, defendant then has the burden of going forward with evidence sufficient to rebut claimant. With the relaxed evidentiary rules in workers' compensation proceedings, there is an increased emphasis on the rights to cross-examine, Hart v. J. J. Newberry Co. (1978), 179 Mont. 160, 587 P.2d 11, and to produce evidence. Here, the defendant did little more than raise the issue on voir dire, object, and then drop it. Defendant did not ask Finnie how much the claimant's circumstances would affect his life expectancy, or introduce any of its own evidence on that point. We do not find error on this point.

Defendant also contends that the court erred in adopting the 6% discount figure proposed by the claimant. Our review of the record indicates that there is substantial credible evidence supporting this figure. Defendant's own expert, Robert James, testified that the discount process used in this case was accepted and reasonable. Claimant's experts, Bruce Finnie and Thomas Keegan, both testified that the fee arrangement and amount requested by claimant's attorneys were reasonable. The Workers' Compensation Court did not err on this point.

As to issue number three, the Workers' Compensation Court, in its order awarding fees, reasoned:

> "The contingent fee contract in the present case provided attorney fees of 40 percent of the claimant's recovery upon successful appeal to the Montana Supreme Court, which was awarded by this Court's June 1, 1984 Order. The contract additionally provided that:

> "'The Law Office shall be reimbursed by client for all _costs_ and disbursements incurred and expended on behalf of client. (Emphasis added.)'
>
> "The claimant's attorney was forced to advance monies to recover attorney fees that the claimant was required to pay under the fee contract. In order to effectuate the 'net award' concept set forth in _Wight, supra._, these additional costs must be assessed against the insurer. Additional attorney fees for pursuing the underlying attorney fee award could not be assessed since the fee contract limits such fees to 40 percent."

We find that the Workers' Compensation Court's reasoning, and order, is correct, and affirm on this point.

We will not address claimant's issues on cross-appeal because they were not properly raised pursuant to Rule 14 M.R.App.Civ.P. That Rule states in part:

> "Rule 14. Ruling against respondent may be reviewed. Whenever the record on appeal shall contain any order, ruling or proceeding of the trial court against the respondent, affecting his substantial rights on the appeal of said cause, together with any required objection or exception of such respondent, the supreme court on such appeal shall consider such orders, rulings, or proceedings, and the objections and exceptions thereto . . . "

Rule 14 M.R.App.Civ.P. provides a specific procedure for the claimant to raise certain issues without the necessity of cross-appealing. Claimant neither objected nor was there any ruling against him on this point. Further, the type of issue claimant raises is not contemplated by Rule 14. The fact that the relief requested under this Rule 14 request would nearly double the insurer's exposure points to the conclusion that this issue is one that should be fully raised through normal procedure. Converse v. Converse (1982), 198 Mont. 227, 232, 645 P.2d 413, 416; Johnson v. Tindall (1981), 195 Mont. 165, 169, 635 P.2d 266, 268.

8

Finally, claimant argues that this Court should grant him damages and a penalty pursuant to Rule 32 M.R.App.Civ.P. We decline to do so. Insurer has been pursuing substantial and reasonable legal grounds throughout this protracted litigation. It did not intend to delay, but rather has diligently pursued the case at all times. A penalty pursuant to Rule 32 M.R.App.Civ.P is inappropriate.

The order of the Workers' Compensation Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
Honorable Gordon R. Bennett,
Judge of the District Court,
sitting for Mr. Justice
William E. Hunt, Sr.