No. 86-85

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

SANDRA E. SWAN,

       Claimant and Appellant,

   -vs-

SLETTEN CONSTRUCTION COMPANY,

       Employer,
   and

MISSOULA SERVICE COMPANY, as agent
for GLACIER GENERAL ASSURANCE COMPANY
or INTERMOUNTAIN INSURANCE COMPANY,
as the case may be,

       Defendants and Respondents.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable Timothy
              Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Church, Harris, Johnson & Williams; Cresap S.
        McCracken, Great Falls, Montana

    For Respondent:

        Garlington, Lohn & Robinson; Bradley J. Luck,
        Missoula, Montana
        Swanberg, Koby, Swanberg, Matteucci; Ray F. Koby,
        Great Falls, Montana

---

              Submitted on Briefs: June 24, 1986

                   Decided:  October 24, 1986

Filed:  OCT 24 1986

_Ethel M. Harrison_
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Sandra Swan appeals a Workers' Compensation Court order which declines to award her attorney's fees on a lump sum basis. The issues on appeal are (1) whether the lower court erred in refusing to award attorney's fees to appellant's counsel on a lump sum basis, and (2) whether the lower court erred in refusing to award attorney's fees to appellant's counsel for benefits received by appellant's step-daughter. We affirm.

In September 1982, Donald Swan died in an automobile accident in Wyoming. Sandra Swan, who had married Donald Swan three months earlier, made a claim for workers' compensation benefits. In November 1982, the insurer denied appellant's claim on the basis that Mr. Swan's death did not arise out of or in the course of his employment. Ultimately, in August 1983, the Workers' Compensation Court held that appellant was entitled to workers' compensation benefits. The court imposed a 20% penalty upon the insurer for its unreasonable delay or refusal in paying benefits. The court also found that appellant was entitled to reasonable costs and attorney's fees.

Section 39-71-721, MCA, provides workers' compensation benefits for an employee's death caused by work-related injuries. Subsection (5) of § 39-71-721, MCA, states:

> If any beneficiary of a deceased employee dies, the right of such beneficiary to compensation under this chapter ceases. Death benefits must be paid to a widow or widower for life or until remarriage, and in the event of remarriage, 2 years' benefits must be paid in a lump sum to the widow or widower.

The two years of benefits paid upon remarriage have been called "dowry" or "minimum entitlement" benefits.

Appellant had a contingency fee agreement with her attorney. That agreement stated that the

> [A]ttorneys have agreed to abide by the attorney's fees provisions and regulations established by the State of Montana Division of Workers [sic] Compensation and will not charge in excess thereof.

The Administrative Rules of Montana relative to workers' compensation include § 24.29.3801 which states, in part:

> (2.) An attorney representing a claimant on a workers' compensation claim and who plans to utilize a contingent fee arrangement to establish the fee arrangement with the claimant, may not charge a fee above the following amounts:
>
> . . .
>
> (b.) For cases that go to a hearing before the workers' compensation judge, thirty-three percent (33%) the amount of compensation payments <u>the claimant receives from an order of the workers' compensation judge.</u>    (Emphasis added.)

In August 1983, appellant's counsel filed a petition requesting that the court order the respondent to pay $200,793.92 for appellant's attorney's fees.  Counsel calculated this figure by taking one-third of appellant's projected benefits of $607,637.66 and adding $273.50 for costs.  Counsel calculated appellant's projected future benefits by multiplying her weekly benefits of $263 by 52 weeks a year, and multiplying that figure by 44.1 years (appellant's life expectancy as established by mortality tables submitted by appellant).  In sum, counsel sought immediate contingent fees for benefits which will possibly be paid for the next 44 years.

3

In September 1983, Tana Swan, Mr. Swan's minor daughter, through separate counsel, filed a workers' compensation claim arising from her father's death. On October 26, 1983, the Workers' Compensation Division found that Tana Swan, as a legal beneficiary, was entitled to share the benefits and ordered that benefits be paid to her in the sum of $131.50 per week until age 25 if unmarried and a full-time student. On the same date, the Division ordered that appellant wife was entitled to $131.50 per week for life or until remarriage. Those Division orders were never appealed. Later, through the efforts of appellant's counsel, it was established that Tana Swan lost her entitlement as she was only a part-time student as of March 20, 1985, and her benefits were terminated, thus increasing the benefits paid to the surviving wife. Appellant's counsel then claimed attorney's fees on the benefits paid to Tana on the basis that Tana would not have received benefits without his efforts on behalf of her stepmother.

In July 1985, the Workers' Compensation Court entered an order awarding attorney's fees. The court later entered two other orders, in August 1985 and in January 1986, clarifying its order on attorney's fees. Taken together, these orders provide the following: as of November 9, 1984, respondent had paid $8,098.75 in attorney's fees to appellant's counsel for benefits paid up to that time; appellant's counsel was immediately entitled to $9,051 as fees of one-third of appellant's dowry award (appellant's two year minimum entitlement to benefits in the event she remarries); if appellant is alive and has not remarried within two years, her counsel can petition the court for biweekly attorney's fees (based on one-third appellant's

4

biweekly benefits); and appellant's counsel is not entitled to attorney's fees for the benefits paid to Tana Swan because he did not represent Tana's interests. This appeal followed.

Section 39-71-611, MCA, gives the Workers' Compensation Court discretionary authority to determine reasonable attorney's fees. Conway v. Blackfeet Indian Developers, Inc. (Mont. 1985), 702 P.2d 970, 42 St.Rep. 1020. Thus, the standard of review on this appeal is whether the lower court abused its discretion in determining reasonable attorney's fees. The standard of reasonableness includes both "the amount, and the kind of fee--lump sum or periodic." (Emphasis in original.) Conway, 702 P.2d at 973.

We hold that the lower court did not abuse its discretion in providing for payment of the attorney's fees. Respondent has paid a substantial amount in attorney's fees. As appellant receives biweekly benefits in the future, her counsel can petition the court for additional fees. We do not agree that counsel is now entitled to over $200,000 in fees on the possibility that appellant will collect benefits the next 44 years because benefits to appellant will cease if she remarries or dies.

Moreover, ". . . as between attorney and client, Montana will enforce a contingent fee contract according to its written terms." Wight v. Hughes Livestock Co., Inc. (Mont. 1983), 664 P.2d 303, 309, 40 St.Rep. 696, 702-703. Although this case does not involve enforcing the contract as between attorney and client, we find it reasonable for the lower court to enforce the contract according to its terms. The contingent fee contract incorporates the Administrative Rules of Montana regulations on contingent fee contracts. Those regulations provide that in a situation such as this an

5

attorney may not collect, as fees, over one-third of the compensation benefits a <u>claimant receives</u>. Counsel is seeking his fees now for benefits appellant may never receive. We hold that the lower court did not err in refusing counsel a lump sum award of fees.

We also hold that the lower court did not err in refusing counsel a contingency fee based on Tana Swan's benefits. Tana was represented by her own counsel and appellant's counsel did not have a contingency fee agreement with her. His fee agreement, in effect, was based upon the benefits received by his client, Sandra Swan.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6