No. 87-142

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JOHN A. DAVIS (FATAL),
VIVIAN MARIE DAVIS,

        Claimant and Appellant,

  -vs-

GEORGE W. JONES, Employer,
    and
MOUNTAIN WEST FARM BUREAU MUTUAL
INSURANCE COMPANY,

        Defendant and Respondent.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
              Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Joseph C. Engel, III, Great Falls, Montana

    For Respondent:

        Norman H. Grosfield, Helena, Montana

---

        Submitted on Briefs:  Aug. 20, 1987

              Decided: November 10, 1987

Filed: NOV 10 1987

_____
              Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This action appears before us for the third time. The first two appeals concerned insurer's liability under the Montana Workers' Compensation Act for the injury that resulted in the death of claimant's husband. See Jones v. Davis (1983), 203 Mont. 464, 661 P.2d 859; Jones v. Davis (Mont. 1985), 701 P.2d 351, 42 St.Rep. 840. This appeal concerns insurer's liability for claimant's attorney fees.

Claimant contends that the fee due from insurer equals 50 percent of benefits awarded. Insurer contends that the fee due equals 40 percent. The parties also contest the propriety of awarding fees in a lump sum, and the responsibility for costs charged by claimant's economist.

Claimant and her attorney signed an agreement providing for a fee contingent upon success of her claim. The amount of the fee was to equal 25 percent of benefits if the claim succeeded prior to hearing before the Workers' Compensation Court; 33 percent of benefits if the claim succeeded after hearing before the Workers' Compensation Court; and 40 percent of benefits if the claim succeeded only after appeal to the Montana Supreme Court.

The fee percentages provided for by the agreement mirrored the maximum fees that were allowed under A.R.M. § 24.29.3801 (1986), a regulation promulgated by the Division of Workers' Compensation. Also pursuant to A.R.M. § 24.29.3801 (1986), claimant obtained Division approval of the agreement.

After the first appeal, claimant and her attorney agreed to increase the percentage of fees payable upon the ultimate success of the claim. In place of the 40 percent peak

already established as the proper percentage because of the first appeal, they substituted 50 percent.

Claimant submitted the altered agreement for Division approval. However, before the Division had a chance to deny or approve the altered agreement, claimant withdrew her request and argued instead for a "good cause" variance from the original fee agreement's 40 percent maximum. For good cause shown, the regulations themselves provided for a fee higher than 40 percent. See A.R.M. § 24.29.3801(4) (1986). Claimant also argued that the Division did not have jurisdiction to determine fees once a claim had advanced to adjudication before the Workers' Compensation Court.

The Division assumed jurisdiction and denied the variance. On appeal, the Workers' Compensation Court held that the Division lacked jurisdiction, and considered the issue de novo. The Workers' Compensation Court then refused to vary from the 40 percent figure found in the original agreement citing this Court's opinion in Wight v. Hughes Livestock (1983), 204 Mont. 98, 664 P.2d 303. The lower court also refused to lump sum the fees for more than two years, and refused to assess against insurer costs charged by claimant's economist. From this ruling claimant appeals. We affirm the lower court's decision.

Appellant presents four issues for review:

(1)    Did the Workers' Compensation Court exceed its jurisdiction by passing judgment on an issue not raised by the pleadings?

(2)    Does the "good cause" provision found in A.R.M. § 24.29.3801(4) (1986), control over Wight?

(3)    Should claimant's attorney receive all the fees in a lump sum?

(4)   Should claimant receive the cost of discounting her attorney fees to present value?   We will consider each issue separately.

ISSUE 1:   Claimant contends that the Workers' Compensation Court erred by failing to base its decision on claimant's allegation that:

> after the erroneous assumption of jurisdiction by the Division, the Division ignored the evidence adduced in compliance with the requisites of 24.29.3801 A.R.M. that there was good cause in the two cases litigated herein to vary from the maximum fee schedule, as is provided for in subparagraph (4) of that regulation.

Claimant's argument on issue 1 lacks merit.   She requested that the lower court apply A.R.M. § 24.29.3801(4) (1986), and the court held that "the Division rules governing attorney fees on cases before this Court and the Supreme Court are a nullity."   This response squarely addresses the issue presented by claimant's petition.   The fact that the lower court refused to apply the law as presented by claimant does not mean that the lower court exceeded its jurisdiction. As stated by the Supreme Court of Colorado,

> The Court is not restricted to theories of counsel, but has the duty of attempting a just determination of the issues tendered pursuant to established rules of law.

Newton Oil Co. v. Bockhold (Colo. 1947), 176 P.2d 904, 906.

ISSUE 2:   Claimant's next contention also concerns the correct authority for determining the amount of attorney fees.   The Workers' Compensation Court applied Wight to find that the original agreement controlled the percentage for calculating fees.   Wight directed the Workers' Compensation Court to give no effect to a contingency agreement amended after a successful appeal.   Wight, 664 P.2d at 312.   The

4

amended agreement in _Wight_ provided for a higher percentage of benefits than the original agreement. _Wight_, 664 P.2d at 312. Claimant contends that _Wight_ does not apply where the claimant requests a good cause variance under A.R.M. § 24.29.3801(4) (1986).

This is an issue of administrative law that we have recently settled. See Bowen v. Super Valu Stores (filed November 5, 1987), No. 86-253, slip op. at 8. _Bowen_ held that the "rules adopted by the Department, in this case the Division, have no application to proceedings before the Workers' Compensation Court." _Bowen_, slip op at 8. Thus, the Workers' Compensation Court correctly concluded that the Division rule did not apply, and properly proceeded to analyze the issue under _Wight_.

Claimant also complains that the Workers' Compensation Court should have granted some fees on an hourly basis. According to claimant, the lower court could have exercised its discretion and granted the 40 percent contingency fee for the attorney's work on the second appeal, and figured fees for the first appeal on an hourly basis.

Section 39-71-611, MCA, requires the Workers' Compensation Court to establish reasonable attorney fees when the insurer must pay the fees. Where a contingency agreement exists, the Workers' Compensation Court "'is under a duty to determine what would be a reasonable attorney fee on a contingency basis.'" (Emphasis in original). _Wight_, 664 P.2d at 311 (quoting Clark v. Sage (Idaho 1981), 629 P.2d 657, 660). In determining what is reasonable, "the Workers' Compensation judge should accept the approved contract as having a strong presumption in its favor." _Wight_, 664 P.2d at 312. In this claim, the Workers' Compensation Court did not abuse its discretion by finding that the original agreement controlled the fee.

ISSUE 3: Claimant contends that the law at the time of the injury to her husband favored lump sum awards of attorney fees. To support this contention, claimant cites Garlitz v. Rocky Mountain Helicopters, WCC No. 1811, decided May 24, 1984. Respondent contends that Swan v. Sletten Const. (Mont. 1986), 726 P.2d 1170, 43 St.Rep. 1926, controls Garlitz, and in its decision denying claimant's lump sum request, the Workers' Compensation Court agreed and applied Swan.

Both parties assume that Garlitz and Swan are irreconcilable. In Garlitz, the Workers' Compensation Court exercised its discretion and granted attorney fees in a lump sum. In Swan, the Workers' Compensation Court exercised its discretion and refused to lump sum all the fees. Under § 39-71-611, MCA, "the standard of reasonableness includes both 'the amount and kind of fee---lump sum or periodic.'" Swan, 726 P.2d at 1172 (quoting Conway v. Blackfeet Indian Developers, Inc. (Mont. 1985), 702 P.2d 970, 973, 42 St.Rep. 1020, 1022.) This was the law at the time of the injury in both cases, and whether or not the Workers' Compensation Court acted unreasonably in granting a lump sum award in Garlitz cannot be reviewed in this decision. However, as stated in Swan, if the lower court denies a lump sum fee request on the basis that claimant seeks a percentage of benefits claimant may never receive, we will not overturn the decision as unreasonable. Swan, 726 P.2d at 1173. Claimant here seeks fees derived from benefits she will not receive if she remarries or dies. Thus, the refusal to grant fees in a lump sum beyond two years was reasonable, and we affirm on this issue.

ISSUE 4: Section 39-71-611, MCA, provides for the assessment of reasonable costs against the insurer as well as attorney fees. In this case, claimant hired an economist to discount her attorney fees to present value. However, the

lower court's decision to deny the lump sum request negated the need for the present value calculations, and the discounted fee was neither presented nor considered. Thus, in assessing insurer's liability, the lower court concluded that the discounting costs were unrelated to the issues. We find that determination reasonable.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices