No. 86-254

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

FREDRIC CADWELL,

        Claimant and Appellant,

    -vs-

BECHTEL POWER CORPORATION,  Employer,

        and

INDUSTRIAL INDEMNITY COMPANY,

        Defendant and Respondent.

_____

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bottomly & Gabriel; R. V. Bottomly, Great Falls,
        Montana

    For Respondent:

        Marra, Wenz, Johnson & Hopkins; David E. Bauer,
        Great Falls, Montana

    For Amicus Curiae:

        Jeffrey T. Renz for ACLU, Billings, Montana

_____

Submitted on Briefs: Sept. 25, 1986

Decided: February 26, 1987

Filed: FEB 26 1987

_____
              Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Claimant Cadwell was awarded permanent partial disability benefits by the Montana Workers' Compensation Court. We are asked to decide if attorney fees awarded to this successful Workers' Compensation claimant whose injury occurred in 1981 should be based on standards in effect on the date of the injury or on the standards adopted in 1985 and set forth in § 39-71-614, MCA.

We reverse the Workers' Compensation Court's decision to apply the later 1985 standards and remand with instructions to use the law in effect at the time of claimant's injury.

On November 30, 1981, claimant injured his back while working as a carpenter erecting scaffolding at Colstrip, Montana. Claimant filed for compensation with the Workers' Compensation Court and trial was held on September 24, 1984.

The court ordered proposed findings of fact and conclusions of law by November 30, 1984. Defendants moved and were granted an open-ended extension based on their desire to have a transcript of the proceedings prepared. Appellant objected to the extension being open-ended. The transcript was completed five months later and the parties' findings of fact and conclusions of law were submitted May 10, 1985.

The Workers' Compensation Court adjudged claimant's injury to be compensable and awarded the claimant 500 weeks of permanent partial disability benefits at the rate of $120.50 per week.

Claimant and his attorney had entered into a contingency fee agreement to cover claimant's attorney fees for the case.

On April 19, 1985, H.B. 778 became effective as § 39-71-614, MCA amending §§ 39-71-611; 612, MCA. The statute required attorney fees be paid to successful claimants based exclusively on an hourly rate. It required the hourly fee to be based on the attorney's customary hourly fee for legal work performed in the State. Gullett v. Stanley Structures (1986), 722 P.2d 619, 43 St.Rep. 1335.

The Workers' Compensation Court found that § 39-71-614, MCA (1985), applied to this case since the case was submitted to that court after April 19, 1985 and found that the claimant's right to an award of attorney fees did not attach until the court ordered a fee award. It held that claimant's attorney fees were to be determined by an hourly rate using the attorney's customary and current hourly fee pursuant to § 39-71-614(2), MCA.

Counsel's affidavit indicates he did not have a set hourly rate because he worked on a contingency fee basis. The Workers' Compensation Court requested counsel supply additional information as to the reasonableness of the requested $200 per hour attorney fee for this attorney. Claimant appeals the order finding § 39-71-614, MCA, applicable to his case.

Although the amicus curiae brief thoroughly addresses the issue of how to determine reasonable attorney fees in Workers' Compensation cases, this issue is not before this Court and therefore will not be addressed here. We limit our opinion to the issue of the attorney fee standards to be applied.

The effective date of § 39-71-614, MCA (1985), was April 19, 1985. Claimant's injury occurred on November 18, 1981. He contends that the law in effect on the date of the injury

is the applicable law for this case and argues that use of the amended statute would be an impermissible retroactive application.

This Court has held that Workers' Compensation benefits are determined by the statutes in effect as of the date of injury. Trusty v. Consolidated Freightways (Mont. 1984), 681 P.2d 1085, 41 St.Rep. 973.

In Trusty, we held that: "The statute in effect on the date of the injury determines the benefits to be received . . . (Citations omitted.) That sets the contractual rights and debts of the parties." Id. at 1088, 976. The basis for Worker's Compensation is a contract of hire either express or implied. Sections 39-71-117, -118, MCA. This Court, as well as courts of other states, have held that Workers' Compensation is based on contract theory. Buckman v. Montana Deaconess Hospital and State Compensation Insurance Fund (1986), ___ P.2d ___, 43 St.Rep. 2216. The Buckman Court approved the holding of the Kansas Supreme Court in Estate of Baker (Kan. 1977), 563 P.2d 431 which reads as follows:

> The liability of an employer to an injured or deceased employee arises out of the contract between them; the terms of the workmens' compensation statute are embodied in the contract. The substantive rights between the parties are determined by the law in effect on the date of the injury. (Citation omitted.) However, the rights under the contract vest when the cause of action accrues, and the cause of action accrues on the date of injury or death. (Citations omitted.)

Id. at 436.

In the instant case, claimant's cause of action accrued on November 18, 1981. His substantive contract rights vested at this time.

Further, a statute should not be applied retroactively unless the legislature clearly expressed an intention to so

apply it. First National Bank in Billings v. First Bank Stock Corporation (D.C. Mont. 1961), 197 F.Supp. 417; Yurkovich v. Industrial Accident Board (1957), 132 Mont. 77, 314 P.2d 866. Here there is no indication that the legislature intended the amendments to apply retroactively and we will not make those amendments retroactive.

Section 39-71-614, MCA, does not apply to cases where the injury occurred prior to April 19, 1985. Rather, the law in effect on November 18, 1981, the date of claimant's injury is the applicable law.

This Court interpreted the 1983 attorney's fee statutes which are the same as the 1981 statutes applicable to this case in Wight v. Hughes Livestock Company et al (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696.

The net award concept, as articulated by this Court in Wight, allowed a claimant to recover the full value of lost earnings or earning capacity benefits. It did this by awarding the claimant attorney fees in an amount sufficient to cover the actual attorney fees whether the attorney-client agreement was based on a contingent fee or hourly fee. In most cases, this meant an award of attorney fees based on a contingency fee.

These were substantive provisions which granted substantive rights from the date of the injury.

The 1985 amendments were meant to change this arrangement. Section 39-71-614, MCA, (1985) recognized the necessity of contingency fee contracts and allowed a claimant and her attorney to enter into such contracts. However, the statute was changed so the insurer is now exempted from paying fees based on this contract. The claimant must now pay any difference between an agreed upon contingency fee and

the hourly rate ordered by the court. This is a substantive change from the law in effect at the time this claimant was injured.

Because the applicable law here is the law in effect on the date of claimant's injury, the date his contract rights vested, the Wight interpretation applies to this case and the 1985 amendments do not apply.

We therefore reverse and remand this case with instructions to determine attorney fees in accordance with this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 6 -

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent.

The Workers' Compensation Court Judge in his order awarding attorney fees relied upon Castles v. State ex rel. Mont. Dept. of Highways (1980), 187 Mont. 356, 609 P.2d 1223, and stated:

> An analogous situation is presented by the dispute over the recently enacted attorney fee amendments which are at issue in the instant case. Under a Castles analysis, those amendments are procedural in nature since claimants are still entitled to an award of attorney fees, but the means of calculating the attorney fee has been legislatively modified. Since claimants are still entitled to an award of attorney fees, the substantive right was not impacted by the House Bill 778 amendments. Instead, those amendments only affect the method of calculating the attorney fee to be awarded, and are therefore, procedural in nature.
>
> . . .
>
> While it is apparent that the claimant's right to an award of attorney fees does not, in fact, attach until this Court orders an award of attorney fees, this Court finds it appropriate to look beyond the date a case is decided, and instead focus on its date of submission. This legal fiction serves the interests of justice for if this Court were to apply the law in effect at the time a case is decided, instead of the law in effect at the time the case was submitted, a claimant could conceivably be penalized by a backlog on this Court's calendar. Such a result would be patently unfair, and that is the reason that this Court will look to the date of submission.

This Court in Yearout v. Rainbow Painting (Mont. 1986), 719 P.2d 1258, 43 St.Rep. 1063, reaffirmed the rule that no attorney's fees may be awarded until the claim is adjudged compensable by the Workers' Compensation Court Judge. Based upon that reasoning, the Workers' Compensation Judge

7

properly, in my opinion, applied the law in effect at the date of submission of the case. By so doing, the Judge avoided penalizing a claimant due to a backlog on the court's calendar.

The majority seem to justify the classification of the amendments as substantive, rather than procedural, by the statement that claimants must now pay any difference between an agreed contingency fee and the hourly fee determined by the court. As a practical matter, few, if any, attorneys would attempt to collect any such difference, if they intend to continue a workers' compensation practice. In fact, the amendments provide that an attorney, with a contingent fee agreement, may be awarded a larger sum in fees computed under the hourly fee requirement than he would have received under the contingent fee agreement. See Paulsen v. Bonanza Steak House (Mont. 1987), _____ P.2d _____, 44 St.Rep. 159, where counsel for claimant was awarded an hourly fee approximately three times greater than he would have earned under his contingent fee contract.

I would affirm the order of the Workers' Compensation Court Judge.

_____
Justice

8