No. 86-556

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

INTERMOUNTAIN INSURANCE CO.,

Petitioner/Insurer,

-vs-

CHURCH MUTUAL INSURANCE COMPANY,

Insurer/Respondent,
and

MARY JEAN MARRON,
Claimant/Respondent.

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mulroney, Delaney & Scott; P. Mars Scott, Missoula,
Montana

For Respondent:

Keller, Reynolds, Drake, Sternhage & Johnson; William
Sternhagen, Helena, Montana
Milodragovich, Dale & Dye; Michael J. Milodragovich,
Missoula, Montana

Submitted on Briefs: June 18, 1987

Decided: August 5, 1987

Filed: AUG 5 - 1987

*Ethel M. Harrison*

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Intermountain Insurance Company appeals the November 13, 1986, judgment of the Workers' Compensation Court which found Intermountain to be the insurer on risk for claimant Mary Jean Marron's injury sustained on September 1, 1981. We affirm.

Claimant Mary Jean Marron, hereinafter "claimant", injured her back on December 24, 1980, attempting to prevent a patient from falling at the Missoula Community Hospital Rehabilitation Facility. The insurer on risk at the time of claimant's December 24, 1980, injury was Church Mutual Insurance Company. Claimant received treatment for her injury by Dr. Robert Seim on January 16, 1981. Dr. Seim determined that claimant had strained her back, prescribed anti-inflammatory drugs for her condition and recommended decreased activity.

Church Mutual paid the medical bill submitted by Dr. Seim for the January 16, 1981, visit. Claimant did not file a claim for workers' compensation benefits regarding the December 24, 1980, injury and no benefits were paid. Claimant did not miss any work due to her injury.

On September 1, 1981, claimant again injured her back attempting to prevent a patient from falling. Claimant was treated for this injury by Dr. Susan Bertrand. Dr. Bertrand prescribed pain pills and muscle relaxants and recommended that claimant not return to work for three weeks. Intermountain Insurance Company (Intermountain) was the insurer on risk at the time of claimant's second injury. Initially, claimant did not file a claim for workers' compensation benefits, but following a Workers' Compensation

Division order waiving claim period time, claimant filed a claim in October, 1984, relative to her second injury.

On July 9, 1982, claimant injured her back attempting to move a patient. A third insurer, not a party to this action, was on risk at the time of claimant's third injury. Claims relating to claimant's third injury have been settled and are not at issue.

Intermountain has been paying claimant temporary total benefits since July 12, 1982. Intermountain petitioned the Workers' Compensation Court to transfer liability for claimant's benefits to Church Mutual. Intermountain contended that claimant had not reached a medically stable condition from her December 24, 1980, injury at the time of her September 1, 1981, injury.

The Workers' Compensation Court entered its findings of fact, conclusions of law, and judgment on November 13, 1986. The court found that Intermountain failed to meet its burden of proof necessary to shift liability to Church Mutual. Intermountain appeals from the decision of the Workers' Compensation Court and raises the following issue: Whether the Workers' Compensation Court erred in finding that claimant had reached maximum healing from her first injury and that Intermountain failed to meet its burden of proof to shift liability for claimant's second injury?

A similar case was before this Court in Belton v. Hartford Accident and Indemnity Co. (1983), 202 Mont. 384, 658 P.2d 405. In Belton we addressed the appropriate standard to determine whether the insurer on risk during the first accident or the insurer on risk during the second accident should pay the benefits where a dispute exists as to the claimant's extent of recovery from the first accident. The standard adopted was whether the claimant had reached a point of "maximum healing" or a "medically stable condition"

at the time of the second accident. We further held that the burden of proof lies with the insurer on risk at the time of the accident to shift liability. Thus, in the present case Intermountain bears the burden of proof to show by a preponderance of the evidence that claimant had not reached maximum healing at the time of her second accident. See also Perry v. Tomahawk Transportation (Mont. 1987), 735 P.2d 308, 44 St.Rep. 686.

Intermountain contends the evidence is clear and convincing that claimant had not reached maximum healing at the time of her second accident. Intermountain cites Dr. Seim's deposition testimony wherein he states his belief that claimant never reached a medically stable condition following her first injury. However, as noted by the court below, Dr. Seim's testimony was very inconclusive. Dr. Seim went on to say that his opinion of claimant's recovery from her first injury would vary depending on the definition of "medically stable." Dr. Seim stated that claimant's motor function was stable yet she still experienced pain. Dr. Seim discussed back injuries as being insidious with recovery appearing to be complete one day but not the next. The court below found Dr. Seim's testimony to be contradictory but leaning towards a finding that claimant had not reached maximum healing on the date of her second injury.

An orthopedic surgeon, Dr. Friedrick, examined claimant on April 24, 1986. Additionally, Dr. Friedrick interviewed claimant, reviewed claimant's medical history, Dr. Seim's testimony, and claimant's answers to interrogatories. Based upon the foregoing, Dr. Friedrick stated his opinion that claimant had reached maximum recovery by the date of her second injury.

Claimant's deposition testimony and answers to interrogatories reflect claimant's belief that she had reached maximum recovery the date of her second injury.

We agree with the Workers' Compensation Court that the medical evidence is inconclusive on the question of maximum recovery. Claimant states that she was fully recovered at the time of her second injury and Dr. Friedrick reached a similar conclusion. Although Dr. Seim appears to have concluded claimant did not reach maximum healing, Dr. Seim did not examine claimant between January, 1981 and July, 1982.

The Workers' Compensation Court found that Intermountain did not meet its burden of proof necessary to shift liability to Church Mutual regarding claimant's second injury. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision. Dumont v. Wickens Bros. Construction Co. (1979), 183 Mont. 190, 598 P.2d 1099. In this instance, we find that the record supports the conclusions of the court below. The Workers' Compensation Court is affirmed.

Justice

We concur:

Justices

5