No. 87-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA, ex rel., PACIFIC
EMPLOYERS INSURANCE CO.,
            Relator,
    -vs-

THE WORKERS' COMPENSATION COURT OF THE
STATE OF MONTANA, THE HONORABLE TIMOTHY
W. REARDON, Presiding and PETER J. WORTS,
            Respondents.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Appellant:

        Utick & Grosfield; Andrew J. Utick argued, Helena,
        Montana

    For Respondent:

        Lloyd E. Hartford argued, Billings, Montana
        Hon. Timothy J. Reardon, Workers' Compensation Judge,
        Helena, Montana

    For Amicus Curiae:

        Crowley Law Firm; T.G. Spear, (America Ins. Co., et
        al.) Billings, Montana
        Faye B. McKnight & Roy Andes, (Family Mediation
        Services, et al.) Helena, Montana
        James E. Vidal, (Arco Metals) Kalispell, Montana
        John H. Bothe, Columbia Falls, Montana

                        Submitted:  January 6, 1988
                          Decided:  February 3, 1988

Filed: FEB 3  1988

_____
                Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an application for writ of supervisory control. Pacific Employers Insurance Company (Pacific) asks the Court to overturn the determination of the Workers' Compensation Court that the 1987 amendments to the Workers' Compensation Act concerning dispute resolution and mediation do not apply to this case. We have accepted original jurisdiction. We reframe the issue as follows: Do the 1987 amendments to the Workers' Compensation Act concerning dispute resolution and mediation apply retroactively to a case in which a petition was filed with the Workers' Compensation Court before July 1, 1987? We now hold that the amendments do not apply in such a case.

On January 30, 1987, claimant Mr. Worts filed a Petition for Emergency Hearing with the Workers' Compensation Court, asking that the court rule that he was entitled to temporary total disability benefits from a work-related injury suffered in 1983. Pacific is the insurer. A pretrial conference was held on February 18, 1987. The trial was not scheduled until July 20, 1987.

In the meantime, the legislature enacted 1987 Mont. Laws 464 (Ch. 464), effective July 1, 1987. The pertinent parts of that bill are codified at §§ 39-71-2401 and 2406 through 2411, and 39-71-2905, MCA. The bill provides for mandatory mediation before claims may be tried in the Workers' Compensation Court.

Based upon Ch. 464, Pacific filed a motion to dismiss. Mr. Worts opposed the motion, arguing that the amendments did not apply to cases in which a petition was filed with the Workers' Compensation Court prior to the effective date of

Ch. 464. The court denied the motion to dismiss, and Pacific filed its application for writ of supervisory control. This Court granted oral argument on the issue stated above. In addition, several amicus curiae briefs have been filed.

Do the 1987 amendments to the Workers' Compensation Act concerning dispute resolution and mediation apply retroactively to a case in which a petition was filed with the Workers' Compensation Court before July 1, 1987?

The Workers' Compensation Court is a creature of statute. It has no constitutional status, as its jurisdiction is fixed by the legislature. Under the law prior to July 1, 1987, the Workers' Compensation Court had exclusive jurisdiction to make determinations concerning disputes regarding benefits when a party filed a petition with the court. Section 39-71-2905, MCA (1985).

In the comprehensive amendments to the Workers' Compensation Act made in Ch. 464, the legislature provided that after July 1, 1987, the parties must resort to mediation before the Workers' Compensation Court acquires jurisdiction of a dispute over benefits. Thus the legislature redefined the court's acquisition of jurisdiction. The legislature said nothing in Ch. 464, however, as to the effect of the amendments on disputes over which the court had already acquired jurisdiction.

The pertinent statutes are these:

> 39-71-2401. Disputes-jurisdiction-evidence-settlement requirements-mediation. (1) A dispute concerning benefits arising under this chapter or chapter 72, other than the disputes described in subsection (2), must be brought before a department mediator as provided in this part. If a dispute still

3

exists after the parties satisfy the mediation requirements in this part, either party may petition the workers' compensation court for a resolution.

. . .

39-71-2406. <u>Purpose</u>. The purpose of this part is to prevent when possible the filing in the workers' compensation court of actions by claimants or insurers relating to claims under chapter 71 or 72 of this title if an equitable and reasonable resolution of the dispute may be effected at an earlier stage. To achieve this purpose, this part provides for a procedure for mandatory, nonbinding mediation.

. . .

39-71-2408. <u>Mandatory, nonbinding mediation</u>. (1) Except as otherwise provided, in a dispute arising under chapter 71 or 72 of this title the insurer and claimant shall mediate any issue concerning benefits and the mediator shall issue a report following the mediation process recommending a solution to the dispute before either party may file a petition in the workers' compensation court.

(2) The resolution recommended by the mediator is without administrative or judicial authority and is not binding on the parties.

. . .

39-71-2905. <u>Petition to workers' compensation judge</u>. A claimant or an insurer who has a dispute concerning any benefits under chapter 71 of this title may petition the workers' compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter. The judge, after a hearing, shall make a determination of the dispute in accordance with the law as set forth in chapter 71 of this title. If the dispute relates to benefits due a claimant under chapter 71, the judge shall fix and determine any benefits to be paid and specify the manner of payment. After parties have satisfied

dispute resolution requirements provided elsewhere in this chapter, the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71, except as provided in 39-71-317 and 39-71-516 . . ..

Chapter 464 also included section 72, which is not in the Montana Code Annotated. It states as follows:

Section 72. Applicability. (1) Sections 8 and 52 through 57 [the mediation statutes] apply retroactively, within the meaning of 1-2-109, to all injuries and diseases, regardless of the date of occurrence. With respect to rehabilitation disputes, sections 8 and 52 through 57 apply retroactively, within the meaning of 1-2-109, unless the division had jurisdiction over the dispute under the law in effect at the time of injury.

(2) The remaining portions of this act apply only to injuries, diseases, and events occurring after June 30, 1987.

In the present case, a petition was filed in the Workers' Compensation Court before July 1, 1987. Ch. 464 provides for mediation before a petition is filed. As is apparent from § 39-71-2406, MCA, the purpose of Ch. 464 is to prevent the filing of petitions with the Workers' Compensation Court. This suggests that Ch. 464 was not intended to be applied where a filing had already taken place. That is consistent with § 39-71-2905, MCA (1985), which granted jurisdiction to the court upon the filing of a petition prior to July 1, 1987. We conclude that the statement in section 72 that the mediation statutes apply to "all injuries and diseases, regardless of the date of occurrence" does not override these implied limitations. As a matter of statutory construction, the purpose of Ch. 464 would not be served if it were construed to include cases in which petitions had

5

already been filed with the Workers' Compensation Court. We therefore hold that the 1987 amendments to the Workers' Compensation Act concerning dispute resolution and mediation do not apply retroactively in cases in which petitions were filed with the Workers' Compensation Court before July 1, 1987.

_____
                                    Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
            Justices

_____
Retired Justice Frank I. Haswell
sitting for Justice R.C. McDonough