MR. CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Claimant appeals the decision of the Workers’ Compensation Court reducing the hourly rates charged for attorney fees. The decision came on remand from the opinion of this Court in Buckman v. Montana Deaconess Hospital (Mont. 1986), [224 Mont. 318,] 730 P.2d 380, 43 St.Rep. 2216. We affirm.
The issues on appeal are: (1) whether the Workers’ Compensation Court abused its discretion in reducing the attorney fees requested by claimant from $225 per hour to $80 per hour; and (2) whether the Workers’ Compensation Court erred in awarding attorney fees only for those issues upon which claimant prevailed.
Claimant, Rose Buckman, was injured in 1981 in the course and scope of her employment. It was stipulated that she was permanently, totally disabled and she requested a lump sum advance of benefits. The Workers’ Compensation Court denied the application of lump sum benefits pursuant to § 39-71-741, MCA (1985). On appeal, this Court stated that retroactive application of § 39-71-741(2) was unconstitutional for injuries occurring prior to 1985. The case was remanded to the Workers’ Compensation Court for reconsideration of claimant’s lump sum request.
On remand, partial lump sum benefits of $15,000 were advanced claimant on January 11, 1988, and upon a contingent fee arrangement between Buckman and her attorney, 40 percent was awarded for attorney fees. Moreover, the court found that claimant was entitled to reasonable attorney fees on the remainder of the compensable claim and directed claimant’s attorney to prepare and submit a statement concerning costs and the attorney’s customary and current hourly fee.
Claimant’s attorney, Lloyd Hartford, submitted a statement of an hourly rate and the time spent representing claimant. He sought $225 per hour for 154.8 hours worked, equaling a total of $34,830 in attorney fees. On March 31, 1988, a hearing was held to discuss the attorney fees requested. Three issues were presented to the Workers’ Compensation Court. The first was whether attorney fees should be limited to the contingency fee agreement. From the $15,000 lump *518 sum the attorney’s fee was $6,000 (40 percent). The second issue was whether the number of hours claimed by the attorney was reasonable. The third issue questioned the reasonableness of the hourly rate claimed.
The Workers’ Compensation Court found that a reasonable hourly rate was $80 per hour and a reasonable time spent by the attorney in this case was 80 hours.
The first issue with which we are faced is whether this determination by the court to reduce the attorney’s submitted hourly rate was an abuse of discretion.
Section 39-71-614, MCA, provides:
“Calculation of attorney fees — limitation.
“(1) The amount of an attorney’s fee assessed against an insurer under 39-71-611 or 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought to hearing. The attorney must document the time spent, but the judge is not bound by the documentation submitted.
“(2) The judge shall determine a reasonable attorney fee and assess costs. The hourly rate applied to the time spent must be based on the attorney’s customary and current hourly rate for legal work performed in this state, subject to a maximum established by the division.
“(3) This section does not restrict a claimant and an attorney from entering into a contingency fee arrangement under which the attorney receives a percentage of the amount of compensation payments received by the claimant because of the efforts of the attorney. However, an amount equal to any fee and costs assessed against an insurer under 39-71-611 or 39-71-612 and this section must be deducted from the fee an attorney is entitled to from the claimant under a contingency fee arrangement.”
The Workers’ Compensation Court requested that counsel submit a statement detailing the attorney’s “customary and current hourly rate.” Mr. Hartford himself asserted that he does not charge an hourly rate in the regular course of business, stating that he works upon contingent fee arrangements. Regardless, Hartford submitted a claim for $225 an hour, claiming that if he were to charge hourly fees, this rate would be necessary to support the cost of doing business.
Respondent requested a hearing to discuss the propriety of the hourly rate alleged by Mr. Hartford. Testimony was taken regarding a proper hourly fee to be charged in workers’ compensation cases. *519 The testimony was considered in reducing claimant’s attorney’s rate from $225 per hour to $80 per hour. The court found that a reasonable fee in a workers’ compensation case is between $70 and $90 per hour.
In determining attorney fees in the case at bar, the Workers’ Compensation Court relied on the factors set out in Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 114, 664 P.2d 303, 312. We stated there:
“. . . that in every retainer contract, be it personal or public, hourly, fixed fee or contingent fee, each such contract is in reality based on the market value of the lawyer’s services.”
Claimant contends that, according to Gullet v. Stanley Structures (1986), 222 Mont. 365, 722 P.2d 619, 621, 43 St.Rep. 1335, 1337,
“We must note that the statute [§ 39-71-614, MCA] does not require that fee awards be based on an average rate of Montana attorneys, but rather awards must be based on the particular attorney’s customary hourly rate.”
In this respect, claimant alleges that the Workers’ Compensation Court incorrectly relied on the testimony in determining an hourly rate for the average Montana attorney.
While the hourly rate of the particular attorney is the proper test, Gullet cannot be relied upon specifically here. Hartford does not have a customary and current hourly fee, although he claims an equivalent would be $225. As we showed in Paulsen v. Bonanza Steak House (Mont. 1987), [225 Mont. 191,] 733 P.2d 335, 44 St.Rep. 159, the Workers’ Compensation Judge can look to evidence submitted by both parties to determine a reasonable rate. Without a customary and current hourly fee, the judge cannot wholly rely on the claimant’s attorney’s testimony of what he believes his fee would be.
Section 39-71-614(2), MCA, states that “[t]he judge shall determine a reasonable attorney fee and assess costs. The hourly rate applied to the time spent must be based on the attorney’s customary and current hourly rate for legal work performed in this state . . .” Therefore, it is within the discretion of the Workers’ Compensation Judge to determine reasonable attorney fees. In cases where a successful claimant’s attorney does not charge a customary and current hourly rate, the judge’s discretion is broad. This Court will not interfere with the decision of the Workers’ Compensation Court absent an abuse of discretion. Swan v. Sletten Construction Co. (1986), 223 Mont. 477, 726 P.2d 1170, 43 St.Rep. 1926. In this case, *520 there is substantial credible evidence to support the findings of the Workers’ Compensation Court and we will not substitute its judgment with our own. Intermountain Insurance Co. v. Church Mutual Insurance Co. (Mont. 1987), [228 Mont. 32,] 740 P.2d 682, 44 St. Rep. 1317; Coles v. Seven Eleven Stores (1985), 217 Mont. 343, 704 P.2d 1048. An attorney who charges contingency fees cannot expect to reap the same benefits from hourly rates as they may from successful contingent fee cases. As we stated in Wight,
“The experience of the marketplace indicates that lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk. Ordinarily, when lawyers undertake a representation on a contingency basis, they bargain for a percentage of the recovery. That percentage is sufficiently high to compensate the lawyer not only for the reasonable value of the time he or she anticipates devoting to the particular lawsuit, but also for the time devoted to other lawsuits undertaken on the same basis but unsuccessful in result. Thus, in a rough and arbitrary way, the contingent percentage fee accounts for the risk of nonrecovery. Berger, Court Awarded Attorneys’ Fees: What is Reasonable? 126 Univ. Pa. Law Review 281, 324-325 (1977); Clark v. Sage (1981), 102 Idaho 261, 629 P.2d 656, 661.”
664 P.2d at 309-310.
An attorney who charges a customary and current hourly fee does not take the same risk nor expect the same high compensation in return. The court took this into consideration and decided accordingly that $80 per hour is reasonable for attorney fees in this case. We hold that the Workers’ Compensation Court did not abuse its discretion in reducing claimant’s attorney’s fees from $225 to $80 per hour.
The second issue is whether the Workers’ Compensation Court erred in awarding claimant’s attorney attorney fees only for those issues upon which claimant prevailed.
Mr. Hartford claimed that he spent, initially, 154.8 hours handling claimant’s case. He then added another 82.3 hours previously overlooked, totaling 236 hours. The fee for this case, over and above the contingent fee, was calculated at $53,100. In considering these hours submitted, the court found that the attorney should not receive prevailing fees for those issues upon which he was not successful. Hartford looks to § 39-71-614, MCA, which states that “attorney’s fees assessed against an insurer under 39-71-611 or 39-71-612, must be based exclusively on the time spent by the attorney in representing *521 the claimant on the issues brought to hearing.” As alleged, attorney fees would then be paid for any time spent on any issue, compensable or illusory.
The Workers’ Compensation Court considered the hours submitted by Mr. Hartford on all the issues brought before the court. A substantial amount of time was spent concerning an annuity from a total lump sum award, which was denied. More hours were spent on a penalty issue against the insurer, which claimant states was withdrawn, and on the attorney fee issue. All of these hours, as the court pointed out, did not relate to the partial lump sum advance or the constitutional issues, prevailed upon in Buckman I. § 39-71-614(1) states that “the judge is not bound by the documentation submitted.” For the same reason that an attorney would not receive attorney fees in a case where he did not prevail on any issues, an attorney will not be awarded attorney fees for issues upon which he did not prevail here. We held in Krause v. Sears Roebuck & Co. (1982), 197 Mont. 102, 641 P.2d 458, that under § 39-71-612, MCA, a claimant is entitled to attorney fees and costs in relation only to his proof on prevailing issues.
Similarly, under § 39-71-612, MCA, “[i]f a dispute in amount owed is resolved in favor of claimant, this Court inevitably finds that an award of attorney’s fees is appropriate. Polich v. Whalen’s O.K. Tire Warehouse (1983), 203 Mont. 280, 661 P:2d 38; Walker v. H.F. Johnson (1978), 180 Mont. 405, 591 P.2d 181, Catteyson v. Falls Mobile Home Center (1979), 183 Mont. 284, 599 P.2d 341.” Lamb v. Missoula Imports (Mont. 1988), [230 Mont. 183,] 748 P.2d 965, 967-968, 45 St.Rep. 127, 131.
Furthermore, in Milender v. Carpenter (Mont. 1987), [230 Mont. 1,] 748 P.2d 932, 44 St.Rep. 2204, pursuant to § 39-71-611, MCA, the state fund denied a claim for benefits. Only after the claim was later adjudged compensable by the Workers’ Compensation Court was the award of attorney fees proper.
Therefore, the Workers’ Compensation Court did not err in finding that the claimant’s attorney should not receive attorney fees for issues upon which he did not prevail and the number of hours found by the court as reasonable to spend in this case is upheld.
Affirmed.
MR. JUSTICES HARRISON, GULBRANDSON and WEBER concur.
*522 MR. JUSTICE McDONOUGH did not participate.