No. 91-067

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

PETER J. WORTS,

  Claimant and Appellant,

 v.

HARDY CONSTRUCTION COMPANY,

  Employer,

 and

PACIFIC EMPLOYERS INSURANCE COMPANY,

  Defendant and Respondent.

FILED

AUG 29 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: Workers' Compensation Court,
      The Honorable Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Lloyd E. Hartford, Attorney at Law, Billings,
    Montana

  For Respondent:

    Andrew J. Utick; Utick & Grosfield, Helena, Montana

      Submitted on briefs: June 18, 1991

         Decided: August 29, 1991

Filed:

       Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

On January 26, 1989, the Workers' Compensation Court determined that the claimant was entitled to an award of reasonable costs and attorney's fees pursuant to § 39-71-611, MCA (1983). An evidentiary hearing was held to determine the amount to be awarded and, on November 30, 1990, the Workers' Compensation Court issued an order awarding attorney's fees of $3,329.39 based on the contingent fee agreement between the claimant and his attorney. From this order, the claimant appeals. We affirm.

The claimant raises the following issues on appeal:

1. Did the Workers' Compensation Court abuse its discretion by awarding attorney's fees in accordance with the contingent fee agreement and not on an hourly basis?

2. Should attorney's fees be awarded for the time spent litigating the fee issue?

3. Should attorney's fees be based on future benefits as well as the reinstated temporary total disability benefits and payment for psychological counseling if the contingent fee agreement controls?

The respondent raises as an additional issue on appeal whether sanctions should be imposed against the claimant pursuant to Rule 32, M.R.App.P., for bringing this appeal.

The claimant, Peter Worts, sustained a work-related injury on June 30, 1983. The respondent, Pacific Employers Insurance Company, accepted liability and paid the claimant temporary total

2

disability benefits of $263 per week. Later, effective May 8, 1986, the respondent reduced the claimant's benefits from temporary total to permanent partial at a rate of $131.50 per week.

Following the reduction in benefits, the claimant retained attorney Lloyd Hartford to represent him in connection with his claim for benefits. The claimant and Mr. Hartford entered into a contingent fee agreement which provided in part:

4. That the Attorney accepts this employment, and the Client agrees to pay the Attorney, a fee not to exceed the following amounts:

. . .

(b) For cases that go to a hearing before the Workers' Compensation Judge, thirty-three percent (33%) of the amount of compensation payments the Client received from an order of the Workers' Compensation Court.

. . .

On January 30, 1987, the claimant filed a petition for an emergency trial with the Workers' Compensation Court requesting reinstatement of his temporary total benefits and payment for psychological counseling. Prior to the trial, the respondent moved to dismiss the case upon the ground that, as a result of the 1987 amendments to the Workers' Compensation Act regarding mandatory mediation of claims, the Workers' Compensation Court lacked subject matter jurisdiction. This motion was denied by the Workers' Compensation Court and the matter proceeded to trial.

The respondent then filed an application for a writ of supervisory control with this Court. On February 3, 1988, we issued our opinion concerning the jurisdictional issue, holding

3

that the 1987 amendments to the Act covering dispute resolution did not apply retroactively to cases in which petitions had been filed with the Workers' Compensation Court prior to July 1, 1987, the effective date of the amendments; therefore, the Workers' Compensation Court had jurisdiction. See State ex rel. Pac. Emp. Ins. Co. v. Workers' Comp. Court (1988), 230 Mont. 233, 749 P.2d 522.

By the time the jurisdictional question had been resolved, the trial had already been held on eight issues raised by the claimant. On January 26, 1989, the Workers' Compensation Court entered its findings of fact, conclusions of law and judgment, ruling in the claimant's favor on three issues, including reinstatement of temporary total disability benefits retroactive to the date such benefits were reduced by the respondent, an award of medical benefits for psychological treatment, and an award of reasonable costs and attorney's fees. The court ruled in the respondent's favor on the five remaining issues.

The Workers' Compensation Court directed Mr. Hartford to submit a statement of the hours he spent in pursuing the matter, the costs incurred, a statement of his customary and current hourly fee and a copy of the fee agreement as approved by the Division of Workers' Compensation. On February 14, 1989, Mr. Hartford filed Claimant's Memorandum of Time and Costs in which he moved for an award of fees in the amount of $48,510 and costs of $1,202.40. Mr. Hartford claimed that he spent 215.60 hours on the case. He also asserted that he does not charge an hourly rate in the regular

4

course of business, but claimed that $225 represented a reasonable hourly fee for his services based upon an accountant-prepared formula utilized for determining his hourly cost of doing business.

The respondent requested an evidentiary hearing regarding the propriety of the requested award of attorney's fees. A dispute arose during the preparation for that hearing concerning Mr. Hartford's refusal to completely answer certain interrogatories; the dispute culminated in the Workers' Compensation Court imposing sanctions against Mr. Hartford in the amount of $1,000. Thereafter, the claimant filed a motion to disqualify the Workers' Compensation Judge. The Workers' Compensation Court denied the motion but appointed a hearing examiner to hear the attorney fee matter and make proposed findings and conclusions.

On July 24, 1990, Mr. Hartford moved to supplement his request for attorney's fees and costs to add a claim for 67 additional attorney hours and ten paralegal hours for time spent in pursuing the claim for attorney's fees. Again, the claim was based upon a rate of $225 per hour for Mr. Hartford, with $35 per hour claimed for paralegal time. Thus, as of July 24, 1990, the total amounts requested for attorney's fees and costs were $63,935 and $1,202.40, respectively.

The evidentiary hearing was held on August 20, 1990. The pertinent issue to be decided at the hearing, as stated in the pretrial order, was:

> The amount of attorney's fees and costs to be awarded to claimant's counsel and whether claimant is entitled to attorney's fees based on an hourly rate as

5

set forth in his memorandum of time and costs filed February 14, 1989, together with added fees and costs as supplemented on July 24, 1990 and hours to be supplemented at the termination of the case.

On November 30, 1990, the hearing examiner entered his Findings of Fact, Conclusions of Law and Proposed Judgment. The examiner found that, based on the evidence presented at the hearing, the January 26, 1989 decision of the Workers' Compensation Court resulted in the payment of $8,124.05 in reinstated temporary total disability benefits to the claimant. In addition, the decision resulted in the payment of $1,965 in medical benefits to Dr. Traynham for psychological counseling. Thus, Mr. Hartford recovered a total of $10,089.05 for the claimant by reason of the order of the Workers' Compensation Court. The examiner further found that Mr. Hartford failed to present strong countervailing evidence sufficient to overcome the presumption in favor of the contingent fee agreement as establishing a reasonable fee; therefore, in accordance with the contingent fee agreement, Mr. Hartford was entitled thirty-three percent of the total award received by the claimant, or $3,329.39, plus costs of $1,202.40. The respondent was entitled to credit the $1,000 sanction against Mr. Hartford against the award of fees and costs. The Workers' Compensation Court adopted the findings of fact and conclusions of law and entered judgment on November 30, 1990. A rehearing was denied on January 7, 1991.

I

Did the Workers' Compensation Court abuse its discretion by

6

awarding attorney's fees in accordance with the contingent fee agreement and not on an hourly basis?

In determining attorney's fees, the Workers' Compensation Court examined the factors set out by this Court in Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 664 P.2d 303, for assessing the reasonableness of a contingent fee agreement. Those factors include:

"(1) The anticipated time and labor required to perform the legal service properly.

(2) The novelty and difficulty of legal issues involved in the matter.

(3) The fees customarily charged for similar legal services.

(4) The possible total recovery if successful.

(5) The time limitations imposed by the client or circumstances of the case.

(6) The nature and length of the attorney-client relationship.

(7) The experience, skill and reputation of the attorney.

(8) The ability of the client to pay for the legal services rendered.

(9) The risk of no recovery."

Wight, 204 Mont. at 114, 664 P.2d at 312 (quoting Clark v. Sage (Idaho 1981), 629 P.2d 657, 661). A tenth factor noted by this Court is "the market value of the lawyer's services at the time and place involved." Wight, 204 Mont. at 114, 664 P.2d at 312. In addition, we stated that:

In considering . . . [the claimant's] contingent fee contract with his attorney, the Workers' Compensation

7

judge should accept the approved contract as having a strong presumption in its favor. If the judge does not set a fee in accordance with the contingent fee contract, he shall state with particularity his reasons in writing, based upon strong countervailing evidence, why the contingent fee contract is not followed by him, and precisely what weight he accorded to the contingent fee contract.

Wight, 204 Mont. at 115, 664 P.2d at 312.

The Workers' Compensation Court concluded that the contingent fee agreement between Mr. Hartford and the claimant established a reasonable attorney's fee based on its determination that Mr. Hartford failed to present strong countervailing evidence sufficient to overcome the presumption in favor of the contingent fee agreement. The Workers' Compensation Court concluded that:

Mr. Hartford did not offer any testimony or evidence whatsoever regarding the ten factors that must be considered under Wight, supra. . . . [H]is entire case was designed to show that his cost of doing business justified an hourly rate of $225.00. An attorney's cost of doing business is not a proper factor for consideration under Wight or under Rule 1.5 of the Rules of Professional Conduct. Mr. Hartford simply did not attempt to meet his burden of presenting evidence that his contingency fee did not establish a reasonable fee.

Mr. Hartford challenges the Workers' Compensation Court's award of attorney's fees, arguing that, on its face, a fee of $3,329.39 for 215.60 hours of work is unreasonable. He also asserts that the Workers' Compensation Court erred in its application of several of the Wight factors.

This Court has held that workers' compensation benefits, including the claimant's award of attorney's fees, are determined by the statutes in effect on the date of the injury. Cadwell v. Bechtel Power Corp. (1987), 225 Mont. 423, 732 P.2d 1352. Here,

8

the claimant was injured on June 30, 1983, before the 1985 amendments to §§ 39-71-612 and 39-71-614, MCA. Therefore the 1983 statutes govern this case. Section 39-71-611, MCA (1983), gives the Workers' Compensation Court discretion to determine reasonable attorney's fees. Swan v. Sletten Construction Co. (1986), 223 Mont. 477, 480, 726 P.2d 1170, 1172. Thus, this Court will not interfere with the Workers' Compensation Court's determination of reasonable attorney's fees absent an abuse of discretion. Swan, 223 Mont. at 480, 726 P.2d at 1172.

We find no abuse of discretion on the part of the Workers' Compensation Court. The issue to be determined at the evidentiary hearing, as set forth in the pretrial order, was the "amount of attorney's fees and costs to be awarded . . . and whether claimant is entitled to attorney's fees based on an hourly rate as set forth in his memorandum of time and costs . . . . " At the hearing, Mr. Hartford's only evidence was that of his accountant, Richard Hobbs, who testified regarding Mr. Hartford's alleged cost of doing business and the formula for determining an hourly rate from that cost of doing business. Mr. Hartford did not testify on his own behalf, present any other attorney to testify on his behalf, offer any evidence concerning the Wight factors, or make any effort whatsoever to overcome the presumption in favor of the contingent fee agreement. Moreover, subsequent to the evidentiary hearing Mr. Hartford abandoned his theory that attorney's fees should be set at $225 per hour based upon his cost of doing business and, in Claimant's Proposed Findings of Fact, Conclusions of Law and

9

Judgment, he proposed that the Workers' Compensation Court award attorney's fees at a rate of $125 per hour, his prior hourly rate. However, no evidence was presented at the hearing regarding Mr. Hartford's prior hourly rate.

The respondent presented evidence from Geoffrey Keller, an attorney experienced in representing claimants in workers' compensation matters. It was Mr. Keller's opinion that this case was a rather routine case, and that the work required to be performed was not sufficient or unusual enough to take the case outside the presumption in favor of the contingent fee contract as establishing a reasonable attorney's fee. The Workers' Compensation Court ultimately agreed with Mr. Keller.

In addition, Mr. Hartford's assertion that a fee of $3,329.39 for 215.60 hours of work is patently unreasonable is unfounded. In Buckman v. Montana Deaconess Hospital (1989), 238 Mont. 516, 776 P.2d 1210, we held that a claimant's attorney is entitled to attorney's fees only on those issues upon which the claimant prevailed in a workers' compensation case. In this case, the claimant prevailed on three of eight issues and Mr. Hartford made no attempt to identify the hours he devoted to those issues.

Mr. Hartford further asserts that, as the party moving for the evidentiary hearing, the respondent had the burden of proof to establish that the claim for attorney's fees was unreasonable. He argues that the record speaks for itself and no additional evidence was required regarding the claim for attorney's fees. We disagree. As already noted, a contingent fee agreement carries with it a

10

presumption of establishing a reasonable fee under our decision in Wight. It follows logically that the party contesting the reasonableness of the contingent fee agreement has the burden of overcoming the presumption. It was the claimant in this case who contested the reasonableness of the contingent fee agreement and he had the burden of overcoming the presumption of reasonableness. Having presented no evidence regarding the Wight factors in determining the reasonableness of the contingent fee agreement, he failed to carry his burden of proof. We hold that the Workers' Compensation Court did not abuse its discretion by awarding attorney's fees in accordance with the contingent fee agreement.

## II

Should attorney's fees be awarded for the time spent litigating the fee issue?

The claimant contends that he should be awarded attorney's fees for time spent litigating the fee issue, arguing that the effect of holding otherwise diminishes the value of the attorney's fees awarded by the order of the Workers' Compensation Court.

As noted previously, the claimant is entitled to attorney's fees only as to those issues on which he prevailed. Buckman, 238 Mont. 516, 776 P.2d 1210. The claimant did not prevail on his argument that the contingent fee agreement did not establish a reasonable attorney's fee. Therefore, we hold that the Workers' Compensation Court correctly refused to award Mr. Hartford attorney's fees for litigating the issue.

11

Should attorney's fees be based on future benefits as well as the reinstated temporary total disability benefits and payment for psychological counseling if the contingent fee agreement controls?

The claimant contends that if this Court is not persuaded that attorney's fees should be awarded on an hourly basis, the fees awarded under the contingent fee agreement should take into account future benefits as well as the reinstated temporary total disability benefits and payment for psychological counseling. He notes that his underlying claim for benefits was subsequently settled on January 18, 1991, for $65,750 on a full and final compromise basis.

Mr. Hartford received exactly what his fee agreement provided for, thirty-three percent of the compensation payments the claimant received from an order of the Workers' Compensation Court, determined in accordance with the evidence presented at the hearing. The action involved only a claim for reinstatement of temporary total disability benefits and payment for psychological counseling. The evidentiary hearing was held to determine a reasonable attorney's fee for Mr. Hartford's efforts in obtaining those benefits for the claimant. Resolution of the underlying claim for benefits was a matter completely separate from the present action. The order approving the full and final compromise settlement was not even in existence at the time of the evidentiary hearing on attorney's fees and is not properly part of the record on appeal. Therefore, we hold that the Workers' Compensation Court

12

correctly determined attorney's fees based only on the reinstatement of temporary total disability benefits and payment for psychological counseling.

We also note that in support of his argument on this issue, the claimant's attorney cited a nonciteable, unpublished opinion of this Court. In December 1989, we amended our Internal Operating Rules to allow for nonciteable, unpublished, abbreviated opinions in certain cases. We take this opportunity to remind counsel that such opinions shall not be cited as precedent.

IV

Should sanctions be imposed against the claimant pursuant to Rule 32, M.R.App.P., for bringing this appeal?

Rule 32, M.R.App.P., provides:

> If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

Where a reasonable ground for appeal exists, sanctions or damages will not be imposed under Rule 32, M.R.App.P. Searight v. Cimino (1988), 230 Mont. 96, 103-04, 748 P.2d 948, 952. We believe that the statutory and case law governing attorney's fees in this case, and the Workers' Compensation Court's actions in accordance therewith, were sufficiently clear. The claimant's total abandonment of the attorney fee theory he propounded at the evidentiary hearing, after that hearing, lends further credence to the existence of such clarity. Because of a modicum of legitimate confusion as to the burden of proof at the evidentiary hearing

13

regarding attorney's fees, however, a barely reasonable ground for appeal did exist. For that reason, we will not impose sanctions against the claimant.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

August 29, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Lloyd E. Hartford
ATTORNEY AT LAW
P.O. BOX 1517
Billings, MT 59103

Andrew J. Utick
ATTORNEY AT LAW
P.O. Box 512
Helena, MT 59624-0512

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy