No. 92-041

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

THOMAS BAETA,

      Claimant and Appellant,

-vs-

DON TRIPP TRUCKING,

      Employer,

  and

STATE COMPENSATION MUTUAL
INSURANCE FUND,

      Defendant and Respondent.

FILED

SEP 22 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   The Workers' Compensation Court,
               The Honorable Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Rex Palmer, Attorney at Law, Missoula, Montana

      For Respondent:

      Michael Prezeau, Garlington, Lohn & Robinson,
      Missoula, Montana

Submitted on Briefs:  July 30, 1992

Decided:  September 22, 1992

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Workers' Compensation Court, the Honorable Timothy W. Reardon presiding. The Workers' Compensation Court determined that claimant Thomas Baeta was entitled to $46,825 in benefits and an award of reasonable attorney's fees and costs pursuant to §§ 39-71-612 and -614, MCA (1985). The court denied Baeta's request for attorney's fees and costs incurred in litigating the fee and cost issue. Baeta now appeals from that judgment. We affirm.

The issues are:

1. Did the Workers' Compensation Court err in limiting State Compensation Mutual Insurance Fund's (State Fund) liability for attorney's fees and costs incurred in litigating the claim for workers' compensation benefits?

2. Did the court err in denying attorney's fees and costs incurred in litigating the fee and cost issue?

Baeta injured his shoulder when he fell while working in the scope and course of his employment as a truck driver. At the time of the injury his employer, Don Tripp Trucking, was enrolled under Plan III of the Montana Workers' Compensation Act, and State Fund was the compensation carrier. State Fund accepted liability for compensation, but disputed the extent of Baeta's entitlement. When the parties could not reach a settlement, Baeta filed a Petition for Hearing in the Workers' Compensation Court in January 1990.

Baeta claimed his circumstances entitled him to 500 weeks of benefits at the maximum allowable rate of $149.50 per week for a

2

total of $74,750 even though the maximum statutory entitlement was $41,860 (280 weeks at $149.50 per week). State Fund offered to settle the claim for $30,000. Baeta rejected the offer and filed his petition with the court. At the time of trial, State Fund had paid $18,388.50 as a partial lump sum payment.

In April 1991, the court entered its Findings of Fact, Conclusions of Law and Judgment, ruling that Baeta was entitled to $46,825 in permanent partial disability benefits with credit to State Fund for the $18,388.50 previously paid. Because the award exceeded the amount paid or tendered by State Fund to that point, the court also ruled that claimant was entitled to attorney's fees and costs pursuant to §§ 39-71-612 and -614, MCA (1985).

Baeta's attorney, Rex Palmer, then submitted an affidavit containing a claim in the amount of $20,566 for attorney's fees (205.66 hours at $100 per hour) and $4,033.23 for costs. State Fund objected to the statement of hours and costs and requested an evidentiary hearing. On June 28, 1991, State Fund offered to settle the entire fee and cost issue for $16,500. Baeta rejected this offer. He also requested an additional award of attorney's fees and costs for litigating the fee and cost issue. As of July 23, 1991, State Fund had tendered $10,000 in payment of attorney's fees and $3,796.23 in costs.

In lieu of presenting live testimony at the evidentiary hearing, the parties deposed two practicing attorneys, both well established in the field of workers' compensation, to render opinions regarding the time spent and the hourly rate claimed by

3

Mr. Palmer. Baeta deposed John Whiston who devotes his workers' compensation practice to claimants. Whiston opined that the hours spent and the hourly rate were reasonable. State Fund deposed P. Mars Scott who represents both claimants and insurers. He expressed doubt as to the need for all the time spent, but did not question the veracity of the time statements. Neither expert would give an opinion as to the reasonableness of the fee itself, feeling that was within the province of the court to decide.

Following the evidentiary hearing, the court awarded Baeta attorney's fees in the amount of $12,500 (125 hours at $100 per hour) and $3,805.59 as reimbursement for all costs except telephone and copying expenses.

I

Did the Workers' Compensation Court err in limiting State Fund's liability for attorney's fees and costs incurred in litigating the claim for workers' compensation benefits?

The statutes in effect at the time the injury occurs govern the determination of workers' compensation benefits and attorney's fees. Caldwell v. Bechtel Power Corp. (1987), 225 Mont. 423, 425, 732 P.2d 1352, 1354. As Baeta's injury occurred on October 25, 1986, the 1985 statutes govern. The pertinent sections of the 1985 statutes stated:

Section 39-71-612, MCA (1985):

**Costs and attorneys' fees that may be assessed against an employer or insurer by workers' compensation judge.** (1) If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title but controversy relates to the amount of compensation due, the case is brought before the workers' compensation

4

judge for adjudication of the controversy, and the award granted by the judge is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the workers' compensation judge if the case has gone to a hearing may be awarded by the judge in addition to the amount of compensation. . . .

Section 39-71-614, MCA (1985):

**Calculation of attorney fees.** (1) The amount of an attorney's fee assessed against an employer or insurer under 39-71-611 or 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought before the workers' compensation judge. The attorney must document the time spent and give the documentation to the judge. The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent must be based on the attorney's customary and current hourly fee for legal work performed in this state. . . .

The Workers' Compensation Court did in fact apply these statutes. Baeta, however, argues that the court applied them improperly in this case. Section 39-71-614, MCA (1985), gives the court discretion in determining a reasonable fee. Worts v. Hardy Construction Co. (1991), 249 Mont. 477, 483, 817 P.2d 231, 235. This Court will not interfere with a determination of reasonable attorney's fees absent a showing that the Workers' Compensation Court has abused its discretion. Worts at 483, 817 P.2d at 235. The question here is whether the Workers' Compensation Court abused its discretion in determining that $12,500 was a reasonable fee in this matter.

Baeta argues that under § 39-71-614 the court is only to determine the number of hours spent by the attorney and then multiply that by the attorney's hourly rate. The intent of § 35-71-614, however, was to specify that the reasonable fee awarded by

5

the court was to be based on an hourly basis rather than a contingency basis. Senate Judiciary Committee Hearing on House Bill 778, March 18, 22, and 28, 1985. The Legislature was responding to this Court's holding in Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 664 P.2d 303, which created a strong presumption in favor of the reasonableness of a contingent fee contract. The purpose of the bill was to limit the employer's or insurer's obligation for attorney's fees to an amount based on an hourly fee rather than a contingent fee. Hence § 39-71-614, MCA (1985), specifies that a fee "must be based exclusively on the time spent by the attorney . . .," and that "[t]he hourly fee the judge applies to the time spent must be based on the attorney's customary and current hourly fee for legal work performed in this state." This language was intended to eliminate any question as to what the basis for the fee would be. See Gullett v. Stanley Structures (1986), 222 Mont. 365, 722 P.2d 619; Caldwell, 225 Mont. 423, 732 P.2d 1352.

Baeta argues that the wording of § 39-71-614 reduces the court's job to simple mathematical calculation. However, he ignores the key wording in the statute that clearly grants the judge discretion in determining a reasonable fee. Section 39-71-614, MCA (1985), also states that "[t]he attorney must document the time spent and give the documentation to the judge. The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him." (Emphasis added.) These sentences leave no doubt as to the discretion vested in the

6

judge. They are mere surplusage if one follows claimant's argument. As noted above, both parties submitted the deposition testimony of experienced attorneys in the workers' compensation field. Mr. Whiston, for the claimant, expressed his opinion that the number of hours and the hourly rate were reasonable. Mr. Scott, for the insurer, questioned the necessity for all the time spent. Most notably, however, neither expert would offer an opinion as to the reasonableness of the fee, feeling that was wholly within the court's province to decide. Mr. Whiston stated in his deposition:

> I'm not here to testify whether the fee is reasonable. I think that that is the prerogative of the court. That's a final determination, I think, that the court is going to have to make. I'm very uncomfortable preempting the court's power to review that.

Mr. Scott made similar concessions in his deposition.

In addition to the expert testimony, the court considered the nature of the case itself. In its Order Awarding Attorney's Fees the court stated:

> This case is a straight forward "earning capacity" case. Evidence from physicians, vocational consultants and the claimant are the norm, not the exception. The file reflects no extraordinary discovery requests or demands and no particularly innovative procedural questions.
>
> Such cases, for experienced counsel have resulted in time expenditures from less than fifty hours to well over one hundred. Invariably however, those cases requiring a greater expenditure of time, involve extensive discovery, disputes related to discovery such as protective orders or motions to compel discovery, etc. Such is not the case here.

Based on this, we hold that the Workers' Compensation Court did not abuse its discretion in its award of attorney's fees.

7

The next question is whether it abused its discretion in awarding costs. Not every litigation expense is recoverable. Luppold v. Lewis (1977), 172 Mont. 280, 292, 563 P.2d 538, 545. The trial court has broad authority in taxing costs. See Cash v. Otis Elevator Co. (1984), 210 Mont. 319, 333, 684 P.2d 1041, 1048. Section 25-10-201, MCA, lists the costs that may be allowed:

> **Costs generally allowable.** A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows:
>
> (1) the legal fees of witnesses, including mileage, or referees and other officers;
>
> (2) the expenses of taking depositions;
>
> (3) the legal fees for publication when publication is directed;
>
> (4) the legal fees paid for filing and recording papers and certified copies thereof necessarily used in the action or on the trial;
>
> (5) the legal fees paid stenographers for per diem or for copies;
>
> (6) the reasonable expenses of printing papers for a hearing when required by rule of court;
>
> (7) the reasonable expenses of making transcript for the supreme court;
>
> (8) the reasonable expenses for making a map or maps if required and necessary to be used on trial or hearing; and
>
> (9) such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law.

Only those costs expressly stated in this statute may be charged to the opposing party unless they are allowed by a more specialized statute, by stipulation of the parties, or by rule of court. Thayer v. Hicks (1991), 243 Mont. 138, 158, 793 P.2d 784,

8

796-797 (citing Luppold). Like Baeta, the respondent in Luppold argued that another section of the code, § 89-1015, RCM (1947), expressly provided for taking the costs out of § 93-8618, RCM (1947) (recodified as § 25-10-201, MCA). The court noted that in order for a statute to qualify as an "'express provision of law'" it must "address the issue of what is an allowable 'cost' and 'disbursement'." Luppold at 292, 563 P.2d at 545. The court held that § 89-1015, RCM (1947), determined who paid the costs; it did not determine what were allowable costs.

Baeta argues that § 39-71-612, MCA (1985), takes this case out of § 25-10-201. However, § 39-71-612 only grants the Workers' Compensation judge discretion to award the claimant fees and costs. It does not address the issue of what those costs are.

Baeta also argues that the "net recovery" concept of Wight mandates an award of all costs in a workers' compensation case. However, he fails to present any authority, and this Court has found none, that automatically grants a claimant all of his or her costs. A claimant, like any other party, is still subject to the mandates of § 25-10-201, MCA, and the court's authority to tax costs. There can be no question that even under the "net recovery" concept, the court has discretion in determining fees. The same holds true for costs, subject to the mandates of § 25-10-201, MCA. We hold that the Workers' Compensation Court did not abuse its discretion in its award of costs.

II

Did the District Court err in denying attorney's fees and

9

costs incurred in litigating the fee and cost issue?

In his Order Awarding Attorney's Fees, Judge Reardon stated, "[T]he Court finds that the insurer is obligated, pursuant to sections 39-71-612 and 39-71-614, MCA, to pay claimant $12,500.00 in fees plus costs. . . ." Baeta then filed a Motion for Clarification or in the Alternative to Alter or Amend, asking that the original order be clarified or that it be altered or amended to award fees and costs incurred in litigating the fee and cost issue. He relied on the discussion of the terms "tender" and "offer" in Hilbig v. Central Glass Co. (1991), 249 Mont. 396, 816 P.2d 1037, to argue that State Fund's settlement offer of June 28, 1991, did not constitute a tender as required by § 39-71-612, MCA (1985). The court in its Order of Clarification Regarding Attorney Fees noted, "[T]he controversy is not over the 'tender' of <u>compensation</u> or the '. . . amount of <u>compensation</u> due . . .' as set forth in section 39-71-612, MCA, but rather the tender of a separate benefit, namely attorney fees paid by the insurer." We agree. In construing the provisions of the Workers' Compensation Act, "we must determine the plain meaning of the words used, interpreting the language in accordance with usual, ordinary and accepted meaning, and the intention of the Legislature should be gathered from the language therein." Solheim v. Tom Davis Ranch (1984), 208 Mont. 265, 278, 677 P.2d 1034, 1041. It is clear that the term "compensation" as used in § 39-71-612, MCA (1985), does not include attorney's fees. Therefore, we are not governed by the "tender/offer" semantics of <u>Hilbig</u> or the statute.

10

This Court has held that attorney's fees and costs incurred in litigating the fee and cost issue are only recoverable on those issues on which the claimant prevails. Worts at 485, 817 P.2d at 236. In the instant case, we cannot see how claimant prevailed. In fact, he lost ground by forcing the Workers' Compensation judge to decide the amount of fees and costs to be awarded. State Fund offered to settle for $16,500 over two months before the evidentiary hearing. The court ultimately awarded $16,305.59. We cannot see how Baeta prevailed on his claim for fees of $20,566 when the court determined a reasonable fee to be $12,500. The State Fund made a reasonable offer in light of the court's ultimate award. Therefore, it should not be penalized under these facts.

In light of the foregoing, Baeta's request for fees and costs of appeal are denied.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

11