No. **91-191**

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1991**

MARGO PEILE,

Petitioner and Appellant,

-vs-

DEPARTMENT OF HIGHWAYS, STATE OF MONTANA,
STATE COMPENSATION MUTUAL INSURANCE FUND,

Employer, Defendants and Respondents.

FILED

SEP 17 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   The Workers' Compensation Court,
The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

D. Patrick McKittrick; McKittrick Law Firm, Great
Falls, Montana

For Respondent:

Darcy M. Crum: James, Gray & McCafferty, Great
Falls, Montana

Submitted on Briefs:  August 15, **1991**

Decided:   September 17, 1991

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Margo Peile appeals the denial by the Workers' Compensation Court of her claim for temporary total disability benefits during retraining. We reverse and remand.

The issues are:

1. Did the Workers' Compensation Court err in determining that Peile was not entitled to temporary total disability benefits while engaged in a course of vocational rehabilitation through the Department of Social and Rehabilitation Services?

2. Did the court err in determining that Peile was not entitled to the 20 percent penalty pursuant to § 39-71-2907, MCA (1985)?

3. Did the court err in determining that Peile was not entitled to costs and attorney fees under § 39-71-611, MCA (1985)?

The parties have stipulated to the facts. Peile suffered an on-the-job injury while working as a survey aide for the Montana Department of Highways in Cascade County, Montana, on February 17, 1987. She injured her wrist while pounding stakes with a hammer and has been diagnosed as suffering from "overuse syndrome." Peile's employer, the Montana Department of Highways, has accepted liability for her industrial accident. It is insured by the State Compensation Mutual Insurance Fund (State Fund).

Peile's doctors believe that she cannot return to her prior position at the Montana Department of Highways but that she can

2

return to a job which does not require overuse of her arm. She has been evaluated by a vocational rehabilitation consultant who found that she is motivated to return to the work force as soon as possible. The consultant determined that Peile could perform a position as a janitor, a central supply worker, or a store laborer, but that because of her academic and physical limitations, it is doubtful that she will be able to find employment at wages comparable to those she has earned before without the benefit of vocational counseling and a structured job search.

Peile requested that the State Fund refer her to the Department of Social and Rehabilitation Services for vocational rehabilitation pursuant to Title **39,** Chapter **71,** Part **10,** MCA **(1985).** The State Fund refused to make the referral on the basis that Peile is employable and not permanently disabled. The Department of Social and Rehabilitation Services nevertheless certified Peile for rehabilitation services and has provided those services to her since September **1988.**

Peile received temporary total disability benefits from February **3, 1988,** through March **7, 1989.** At that time, she had achieved maximum healing and was switched to permanent partial disability benefits. Peile is not receiving temporary total benefits while she is undergoing vocational rehabilitation.

On July **3, 1990,** Peile filed a petition with the Workers' Compensation Court alleging that she is entitled to temporarytotal

disability benefits while undergoing vocational rehabilitation, under the statutes in effect at the time of her injury. The court found that she is not entitled to receive temporary total disability benefits during retraining because, as Peile's doctor had approved three jobs he deemed appropriate considering her physical restrictions, "[t]here is no necessity for retraining here." In addition, the court concluded that a claimant must meet the requirements of temporary total disability in order to be eligible to receive that type of benefits during vocational rehabilitation. As a result of those rulings, the court concluded that Peile was not entitled to the 20 percent penalty under § 39-71-2907, MCA (1985), or to costs and attorney fees.

Did the Workers' Compensation Court err in determining that Peile was not entitled to temporarytotal disability benefits while engaged in a course of vocational rehabilitation through the Department of Social and Rehabilitation Services?

The law which was in effect at the time of Peile's injury governs our consideration of this case. See Buckman v. Montana Deaconess Hosp. (1986), 224 Mont. 318, 730 P.2d 380, aff'd after remand, 238 Mont. 516, 776 P.2d 1210. Section 39-71-1001, MCA (1985), was in effect at the time of Peile's injury and is applicable. It provided:

> **Referral of disabled workers to department of social and rehabilitation services for vocational rehabilitation.** The division shall refer to the department of social and rehabilitation services workers who have become permanently disabled as the result of injuries sustained within the scope and course of employment by an employer enrolled under the Workers' Compensation Act and who, in the opinion of the division, can be vocationally rehabilitated. The department of social and rehabilitation services shall provide for the vocational rehabilitation of the injured workers under the provision of Title **53,** chapter **7,** parts **1** and 2.

Section **39-71-1003,** MCA **(1985),** also applies to this case:

> **Eligibility for benefits under chapter not affected--other expenses payable.** The eligibility of any injured worker to receive other benefits under the Workers' Compensation Act is in no way affected by his entrance upon a course of vocational rehabilitation as herein provided. A person undergoing vocational rehabilitation must be paid temporary total disability benefits. **. . .**

We note that § **39-71-1001,** MCA **(1985),** was repealed in **1987** and § **39-71-1003, MCA (1985),** was revised in **1987.**

The State Fund contends that under § **39-71-1001,** MCA **(1985),** it was not required to pay benefits during a period of retraining unless the claimant was both permanently disabled and had no job prospects without retraining. That is not what the statute said. It required that the division of workers' compensation refer to the Department of Social and Rehabilitation Services permanently disabled claimants who, in the opinion of the division, were capable of vocational rehabilitation. The State Fund has conceded

5

that Peile was undergoing vocational rehabilitation at the time of the hearing before the Workers' Compensation Court. That is tantamount to an admission that she is capable of vocational rehabilitation.

The State Fund argues that it is not required to pay Peile temporary total disability benefits during her retraining because she is not totally permanently disabled. However, § 39-71-1001, MCA (1985), was not limited to persons who were totally permanently disabled. It applied to all permanently disabled claimants.

Section 39-71-104, MCA (1985), also was in effect at the time of Peile's injury and is applicable to this case. It provided:

> **Court to give liberal construction to chapter.**
> Whenever this chapter or any part or section thereof is interpreted by a court, it shall be liberally construed by such court.

This statute has been interpreted to mean that, where there is doubt, the doubt shall be resolved in favor of the injured worker. See Gaffney v. Industrial Accident Board (1955), 129 Mont. 394, 287 P.2d 256.

Nothing in the statutes in effect at the time Peile was injured indicated that the benefits of § 39-71-1003, MCA (1985), were contingent on the claimant's having no prospects for employment without retraining, as the State Fund argues. Section 39-71-1003, MCA (1985), provided that "[a] person undergoing vocational rehabilitation <u>must be paid temporary total disability bene-</u>

fits." (Emphasis supplied.) We conclude that, under the statutes which apply to this case, Peile is entitled to temporary total disability benefits during retraining.

The remaining issues are whether Peile is entitled to a 20 percent penalty and costs and attorney fees as a result of the State Fund's refusal to pay her temporary total disability benefits during retraining. We remand this case to the Workers' Compensation Court for reconsideration of these issues in light of this opinion.

Reversed and remanded.

_____
Chief Justice

We concur:

_____
_____
_____
_____
_____
_____
Justices

7

September 17, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named

D. Patrick McKittrick
McKITTRICK LAW FIRM, P.C.
P.O. Box 1184
Great Falls, MT 59403

Darcy M. Crum
James, Gray & McCafferty
P.O. Box 2885
Great Falls, MT 59403-2885

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy