No. 91-094

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JESSE BRICENO,

  Petitioner and Appellant,

 -vs-

CEREAL FOOD PROCESSORS, INC.

  Employer and Defendant,

 and

NATIONWIDE INSURANCE COMPANY,

  Defendant and Respondent.

FILED

NOV 19 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: Workers' Compensation Court
     The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

  For Appellant:

    Michael J. Whalen; Whalen & Whalen, Billings, Montana.

  For Respondent:

    Patricia Karell; Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Montana.


       Submitted on briefs: October 10, 1991

          Decided: November 19, 1991

Filed:

————————————————————————————————————
       Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Jesse Briceno appeals from an order of the Workers' Compensation Court denying his claim for continuing temporary total disability benefits and for a lump sum payment of benefits. Nationwide Insurance Company cross-appeals on the issue of whether Briceno has proven that he suffered an industrial injury which resulted in a disability. We affirm in part and reverse and remand in part.

The issues are:

1. Did the Workers' Compensation Court err in concluding that Briceno's condition is causally related to the injury received at Cereal Food Processors, Inc.?

2. Did the court err in ruling that Briceno was not entitled to continuing total disability benefits on August 7, 1989, and thereafter during the retraining which he is pursuing?

3. Did the court err in failing to award Briceno any lump sum payment of benefits and a twenty percent increase in his award pursuant to § 39-71-2907, MCA (1985)?

The parties stipulated that Jesse Briceno suffered a back injury on June 17, 1986, while working for Cereal Food Processors, Inc. (Cereal Food), and that this injury was an aggravation of a previous injury on December 4, 1985. Nationwide Insurance Company (Nationwide) is the insurance carrier for Cereal Food.

2

Cereal Food accepted liability for Briceno's injury and Nationwide paid him temporary total disability benefits from December 9, 1988, through August 7, 1989. At that time, Nationwide converted Briceno's benefits to partial disability benefits, after being advised by Briceno's doctor that he had reached maximum medical healing and was approved for several alternate job positions. Later that month, Briceno enrolled as a student at Eastern Montana College. He initially obtained funds for this endeavor from Project Challenge-Work Again, through the AFL-CIO, but since April 1990 he has been enrolled under a State of Montana Department of Social and Rehabilitation Services written rehabilitation program. He is pursuing a bachelor of science degree in human services.

Briceno filed a petition with the Workers' Compensation Court alleging that he is entitled to continued temporary total disability benefits during retraining and asking for a lump sum conversion of a portion of the benefits awarded to him. The Workers' Compensation Court ruled that Briceno's condition is causally related to the injury he received at Cereal Food. It also ruled that conversion of Briceno's benefits from temporary total to permanent partial was proper because Briceno's doctor had determined that he had reached maximum medical healing and could return to work in a full-time position as a management trainee, material clerk, inventory clerk, or keypunch operator, and Briceno had been

3

given proper notice of the conversion of his benefits. The court ruled that Briceno is not entitled to receive temporary total disability benefits during retraining, nor is he entitled to receive a lump sum payment or a penalty for unreasonable delay or refusal to pay pursuant to § 39-71-2907, MCA (1985). It awarded Briceno his attorney fees and costs for proving a causal relationship between his condition and his injury at Cereal Food.

I

Did the Workers' Compensation Court err in concluding that Briceno's condition is causally related to the injury received at Cereal Food Processors, Inc.?

The Workers' Compensation Court concluded that

[t]he evidence indicates that when claimant began working with Cereal Foods or its predecessor in August 1978, his spine was already involved in a degenerative process. However, the injury which occurred when he lifted a 70 pound motor happened to accelerate his condition.

Nationwide argues that Briceno did not prove that his preexisting degenerative disc disease was aggravated by an industrial accident so that benefits can be awarded. It argues that the deposition of Dr. Lewallen, which was not taken until shortly before the Workers' Compensation Court hearing, supports its position that the cause of Briceno's degenerative disc disease was wear and tear, not injury. Nationwide relies upon the following testimony of Dr. Lewallen:

Q: Based upon your knowledge and treatment and evaluation of Jesse Briceno, can you state to a reasonable

4

degree of medical certainty whether Jesse's degenerative disc disease is due to injury or to wear and tear?

[Objection omitted.]

A: Well, I think it's -- I guess my opinion is that it's a result of wear and tear.

Q: And upon what are you basing that opinion?

[Objection omitted.]

A: Well, in going through the records, it doesn't seem like -- Well, there was one incident where he lifted an object and had increased pain. But his medical record reflects exacerbations of back discomfort associated with activity, and some of it associated to activities at work, some not, that resulted in exacerbation of his back discomfort. It was Dr. Dorr's opinion when he initially saw him that he had --

[Objection omitted.]

A: It was his opinion that he had some degenerative disc problems initially.

Briceno's uncontradicted testimony was that he had a complete physical and was not having any trouble with his back when he began work for Cereal Food in 1978. Then, for several years, he was an "elevator man" for Cereal Food, which involved shoveling grain with a scoop shovel weighing approximately forty to fifty pounds when filled. In December 1985, he began suffering back pain. Briceno's doctor took him off work for a week.

On June 17, 1986, when Briceno was lifting a seventy-pound motor to be used in emptying a grain bin at work, he had a crushing sensation in his back and went home, unable to continue working. He saw Dr. Lewallen, who prescribed pain medication. Briceno

5

returned to work about a week later, but his back continued to bother him. In October 1987, on the advice of the Cereal Food company doctor, he was moved to a lighter duty job at Cereal Food. However, he continued to have pain and problems with his back. In November 1988, again on the company doctor's advice, his employment was terminated. Dr. Lewallen testified that a 1990 CAT Scan of Briceno's back showed no change from a CAT Scan conducted in 1988, just before he terminated his employment with Cereal Food.

If there is strong enough evidence that a gradually developing injury is job-related, it is an "injury" within the meaning of the workers' compensation law, and is compensable. Jones v. St. Regis Paper Co. (1981), 196 Mont. 138, 149, 639 P.2d 1140, 1146. During his deposition, Dr. Lewallen was not advised of the technical definitions of "injury" and "wear and tear" when used in workers' compensation matters.

There is no evidence that Briceno suffered any injury to his back other than in the performance of his duties for Cereal Food. We conclude that there is sufficient evidence to support the Workers' Compensation Court's conclusion that the June 1986 injury accelerated his condition. We hold that the Workers' Compensation Court did not err in concluding that Briceno's condition is causally related to his injuries at Cereal Food.

6

## II

Did the court err in ruling that Briceno was not entitled to continuing total disability benefits on August 7, 1989, and thereafter during the retraining which he is pursuing?

Because Briceno's industrial accident occurred between 1985 and 1987, this Court's recent opinion in Peile v. State Fund (Mont. 1991), ___ P.2d ___, 48 St.Rep. 853, applies. As in that case, §§ 39-71-1001 and -1003, MCA (1985), govern. Section 39-71-1001, MCA (1985), was not limited to totally permanently disabled individuals, but applied to all workers "who have become permanently disabled as the result of injuries sustained within the scope and course of employment . . . and who, in the opinion of the division, can be vocationally rehabilitated." Section 39-71-1003, MCA (1985), provided that "[a] person undergoing vocational rehabilitation must be paid temporary total disability benefits." (Emphasis supplied.) As in Peile, any doubt as to the meaning of the statutes must be resolved in favor of the injured worker. Section 39-71-104, MCA (1985).

Briceno is permanently disabled. Since April 1990, he has been undergoing an individual program of vocational rehabilitation through the Department of Social and Rehabilitation Services (SRS), which was the only entity authorized to provide such a program under § 39-71-1001, MCA (1985). We conclude that Briceno is entitled to temporary total disability benefits while he is undergoing

vocational rehabilitation through SRS. As to that period of time, we reverse the decision of the Workers' Compensation Court.

## III

Did the court err in failing to award Briceno any lump sum payment of benefits and a twenty percent increase in his award pursuant to § 39-71-2907, MCA (1985)?

Briceno asserts that while he is continuing with his program of retraining at Eastern Montana College he "should have sufficient of his compensation awarded in a lump sum so as to prevent him from having to live upon the charity of his aged parents." He also claims entitlement to a twenty percent increase in benefits under § 39-71-2907, MCA (1985), for unreasonable delay or refusal to pay.

In the hearing before the Workers' Compensation Court, Briceno did not present any documentation of his debts, nor did he request a specific amount as a lump sum. The Workers' Compensation Court concluded that "[Briceno] has failed to demonstrate to the Court that the receipt of a lump sum would be in his best interest." Section 39-71-741(2), MCA (1985), provided that "[i]t is presumed that biweekly payments are in the best interests of the worker." In the absence of any documentation of the amount of Briceno's debts or a request for a lump sum in a specific amount, we hold that the court did not err in determining that Briceno failed to demonstrate that a lump sum payment would be in his best interest.

8

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

9

November 19, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Michael J. Whalen
Whalen & Whalen
2825-3rd Ave. No. #504
Billings, MT  59101

Patricia Karell
Crowley Law Firm
P.O. Box 2529
Billings, MT  59103-2529

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy